**In re John Dan WHITE, Debtor in Possession.**

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA**

v.

**Derek A. HENDERSON, Trustee for the Estate of John Dan White.**

No. 3:94cv61.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 21, 1994.

L.F. Sams, Jr., Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, for Butler, Snow, O'Mara, Stevens & Cannada and Charles F. Johnson III.

Howard M. Hoffman, Holleb & Coff, Chicago, IL, for Derek A. Henderson.

Francis K. Horton III, U.S. Dept. of Justice, Office of U.S. Trustee, Jackson, MS.

Ronald McAlpin, U.S. trustee.

LITTLE, District Judge.

## RULING

These adversary proceedings arose in connection with the bankruptcy cases of eight related debtors.[1] The trustee of the debtors' estates began to investigate the law firm that provided pre-petition legal service to the debtors, and the firm instituted adversary proceedings for a declaration that it committed no actionable wrong in connection with the debtors' representation. Subsequently, the trustee filed a separate adversary proceeding against the law firm and the partner in charge of the debtors' representation. Currently before the court are the trustee's motions to withdraw these proceedings from the bankruptcy court. For the reasons that follow, the court grants the trustee's motions.

### I.

In October 1993, the trustee began investigating the lawyers that served the debtors pre-petition. The trustee requested that the law firm of Butler, Snow, O'Mara, Stevens & Cannada ("Butler, Snow" or "the firm") produce documents concerning its representation of the debtors. The trustee also deposed the Butler, Snow partner in charge of the debtors' pre-petition representation, Charles F. Johnson III.

On 24 January 1994, Butler, Snow filed

---

1. The debtors are John Dan White, Rosemary C. White, Andrew Jackson Corporation, White Enterprises, Inc., Termplan, Inc., Gulf States Charter Company, Universal Agency, Inc., and Guardian Trust Co.

complaints[2] in the bankruptcy court seeking a declaration that it had not breached its duties, and had not aided or abetted any other party's breach of duty, to the debtors. The trustee moved to dismiss the firm's complaints, arguing that no actual controversy as yet existed.

Then, on 4 February 1994, the trustee filed an action in bankruptcy court[3] against Johnson and Butler, Snow for negligence, breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy to defraud, and violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. The trustee sought an order "marshalling the assets" of the firm and each of its partners,[4] disgorgement of attorney's fees, compensatory damages, treble damages, and costs.

Also on 4 February 1994, the trustee moved to withdraw the adversary proceedings initiated by his and Butler, Snow's complaints from the bankruptcy court. The trustee argued that disposition of these proceedings in bankruptcy would unconstitutionally deprive him of his right to a jury trial.

## II.

### A.

■ At the outset, the court notes that the firm's eight complaints involve common issues of law and fact and therefore consolidates them for disposition in a single action pursuant to Fed.R.Civ.P. 42(a). The court further notes that the trustee's claims arise out of the same transactions and occurrences as the firm's: the firm alleges that it committed no actionable wrong in connection with its pre-petition service to the debtors, whereas the trustee alleges that the firm did commit actionable wrongs in connection with its pre-petition service.[5] Therefore, the court concludes that the trustee's claims must be brought as counterclaims to the firm's claims. Fed.R.Civ.P. 13(a); *see also* Fed.R.Bankr.P. 7013. Rather than requiring the trustee to re-plead his complaint, however, the court construes the trustee's complaint to be an answer and counterclaim to the firm's claims.[6] *See* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

### B.

■ That done, the court must now determine whether to withdraw the reference of the newly confected action. A district court may withdraw an adversary proceeding from the bankruptcy court upon "cause shown." 28 U.S.C. 157(d); *see also* Fed.R.Bankr.P. 5011 ("A motion for withdrawal of a case or proceeding shall be heard by a district judge.").

In presenting his case for withdrawal, the trustee argues that disposition of this matter in bankruptcy would abrogate his right to a jury trial under the Seventh Amendment to the Constitution: Facts initially determined by the bankruptcy court in a "non-core" adversary proceeding are subject to *de novo* review in the district court. 28 U.S.C. § 157(c)(1). Under the Seventh Amendment, however, "no fact tried by a jury, shall be otherwise reexamined in any court of the United States." U.S. Const. amend. VII.

■ The court concludes that the trustee's argument presents a sufficient cause for withdrawal of non-core adversary proceed-

---

2. The law firm filed a separate complaint in each of the debtors' bankruptcy cases.

3. Although captioned in the name of each of the debtor's estates, the trustee's adversary proceeding was only filed in the bankruptcy case of John Dan White.

4. The firm and Johnson are the only named defendants.

5. Although the trustee's complaint is more factually developed than the firm's complaints, the firm's complaints are sufficiently definite to satisfy Federal Rule of Civil Procedure 8(a). *See* Fed.R.Civ.P. 8(a) (pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief").

6. The court concludes that the language of the trustee's complaint concerning violation of the RICO Act is not sufficiently specific. The court will issue a separate order that describes the court's RICO pleading requirements and anticipates a conforming amendment.

ings that invoke the right to trial by jury under the Seventh Amendment. *See Taxel v. Electronic Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1451 (9th Cir. 1990). Before the court may withdraw the instant proceeding, however, the court must determine (i) whether the trustee's claims are "non-core"[7] and (ii) whether the trustee's claims invoke the right to trial by jury under the Seventh Amendment. *See id.*

■■■ As the firm concedes, the claims at issue do not represent the type of core matters traditionally entrusted to the bankruptcy court. *See* 28 U.S.C. § 157(b)(2) (examples of core matters); *In re Jensen*, 946 F.2d 369, 374 (5th Cir.1991). Rather, the trustee's claims for negligence, breach of contract, breach of fiduciary duty, and violation of the RICO Act are of the type conventionally urged in the district court—where they would have been brought in the absence of the bankruptcy petitions in this case. Thus, they are appropriately classified as "non-core." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987). Furthermore, it is evident that the trustee presents "legal," as opposed to "equitable," claims and therefore properly invokes the right to trial by jury under the Seventh Amendment. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 47, 109 S.Ct. 2782, 2793, 106 L.Ed.2d 26 (1989). The fact that the trustee may also urge equitable claims or seek equitable relief does not deprive him of the right to a jury trial. *In re Jensen*, 946 F.2d at 372.

Therefore, the court concludes that the trustee presents legal claims that could not constitutionally be determined by a jury empaneled by the bankruptcy court and withdraws these proceedings for disposition in the district court. *See In re Cinematronics*, 916 F.2d at 1451.

### C.

■■■ As a final note, the court observes that although the bankruptcy court previous-

ly approved the terms of the trustee's agreement to retain counsel in these proceedings, the court with jurisdiction over these proceedings maintains a continuing obligation to review the terms of such agreements and to determine whether they represent reasonable compensation for services rendered. *See* 11 U.S.C. § 329(b); Fed.R.Bankr.P. 2017(b). This court is not bound by the fee arrangement endorsed by the bankruptcy court. This court will administer and award the appropriate fee for services performed by counsel for the trustee.

### III.

In sum, the court grants the trustee's motions. The adversary proceedings initiated by Butler, Snow and the trustee are withdrawn; these matters shall be adjudicated in the United States District Court for the Southern District of Mississippi. All filings should be directed to the Office of the Clerk of Court for the Southern District of Mississippi in Jackson, Mississippi.[8]

---

7. The trustee argues that the determination whether a claim is "core" or "non-core" must be made in the first instance in the bankruptcy court. Clearly, this is not the case: "While section 157(b)(3) permits a bankruptcy judge to determine whether a proceeding is a core or non-core proceeding, it does not prohibit the district court from doing so where, as here, there has been no prior determination." *Interconnect Telephone Servs. v. Farren*, 59 B.R. 397, 401 n. 2 (S.D.N.Y.1986) (citation omitted).

8. On 10 February 1994, the Chief Judge of the United States Court of Appeals for the Fifth Circuit designated the undersigned, Judge F.A. Little, Jr. of the United States District Court for the Western District of Louisiana, to preside over these matters. The parties should forward one

copy of all filed documents to Judge Little at the following address:  P.O. Box 1031, Alexandria, Louisiana 71309.