In re Arthur GREEN, Debtor.

In re HUDSON LOFT INVESTORS CORP., Debtor.

In re HUDSON RONDOUT CORP., Debtor.

UNITED ORIENT BANK and Mee Yin, LTD., Plaintiffs,

v.

Arthur GREEN, Defendant/Third–Party Plaintiff,

v.

BACHNER, TALLY, POLEVOY & MISHER, L.L.P., Third–Party Defendant.

Bankruptcy Nos. 93 B 46174 (PBA), 93 B 46175 (PBA), 94 B 41813 (PBA) and 96 Civ. 3115 (LAK).

United States District Court, S.D. New York.

Sept. 20, 1996.

Christopher J. Sullivan, Herrick, Feinstein L.L.P., New York City, for Plaintiffs.

Jeffrey A. Donner, Shain, Schaffer & Rafanello, P.C., Bernardsville, NJ, for Defendant/Third–Party Plaintiff.

David L. Tillem, White Plains, NY, Ariel Michael Furman, Brooklyn, NY, Carol A. Felicetta, White Plains, NY, Wilson, Elser, Moskowitz, Edelman & Dicker, for Third–Party Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This case is before the Court on the third-party defendant's motion to withdraw the reference of the third-party complaint from the Bankruptcy Court. The motion is opposed by the plaintiffs and the defendant/third-party plaintiff.

### Facts

The dispute between these parties has its origin in real estate transactions that date back at least as far as 1983. Arthur Green, the defendant and third-party plaintiff, apparently controlled a corporation, 450 West 31st Street Owners Corp., and a partnership, 31st Realty Associates, each of which had a variety of interests in a commercial coopera-tive building located at 450 West 31st Street. Plaintiffs United Orient Bank ("UOB") and Mee Yin Ltd. held liens on two units in the building as security for debts owed to them by the owners of the proprietary leases and shares associated with the units. In 1984, the owners of the leases defaulted on their obligations both to plaintiffs and to the entities controlled by Green. UOB secured judgments against each of the lease owners.

Plaintiffs contend that, in 1985, Green deprived them of their collateral by having the entities that he controlled sell to third parties the shares and leases associated with the two units. They brought suit in 1986 for fraud against Green, the buyers of the leases and shares, and others in New York State Supreme Court.[1] The record does not disclose what, if any, result plaintiffs achieved in their state court action. Indeed, the record does not disclose what happened between the filing of the state court action in 1986 and the commencement of this bankruptcy case in 1993.

Green filed for bankruptcy on December 9, 1993.[2] Plaintiffs' state court action apparently was scheduled as one of Green's liabilities. On April 1, 1994, plaintiffs filed an adversary proceeding against Green seeking to prevent discharge of their claims against Green. In light of their contention that Green defrauded them, they sought to have the Bankruptcy Court determine the amount of Green's alleged liability to them and declare that debt non-dischargeable pursuant to 11 U.S.C. §§ 523(a), (d) (1988).

Green, in turn, filed a third-party complaint against Bachner, Tally, Polevoy & Mischer, L.L.P. ("Bachner, Tally"), the attorneys who advised him on the real estate transactions at issue in the adversary proceeding. He contends that any liability that he may have to plaintiffs arising out of the

---

1. The state court action is captioned: *United Orient Bank and Mee Yin Ltd., Plaintiffs—against—450 West 31st Street Owners Corp., Arthur Green, Wayne Green, 31st Street Realty Associates, Peter Mackie, Elba Damast a/k/a Elba Alvarez, CCR Loft Corp., Capital Testing Corp., and John Doe I–V, Defendants,* Supreme Court of the State of New York, County of New York, Index No. 27831/86.

2. On the same day, Hudson Loft Investors Corp. also filed a Chapter 11 petition. On April 14, 1994, Hudson Rondout Corp. likewise filed a Chapter 11 petition. Green's case and these two cases were consolidated by the Bankruptcy Court on November 11, 1994, on the ground that there was a substantial overlap of the debtors' assets and liabilities.

transfer of the cooperative shares and leases would be the result of his reliance on the advice of Bachner, Tally. If the transfers were tortious, Green argues, any liability he may have to plaintiffs stems from Bachner, Tally's malpractice and its breach of fiduciary and contractual duties that it owed to him.

Bachner, Tally answered Green's third-party complaint and demanded a trial by jury. It asserted that the third-party complaint raises non-core issues and refused to consent to final resolution of such issues by the Bankruptcy Court. On those grounds, Bachner, Tally now moves for withdrawal of the reference with respect to the third-party complaint.

## Discussion

■■■■ The outcome of this motion is dictated by the classification of the third-party complaint as core or non-core.[3] A proceeding that involves rights created by bankruptcy law, or that could arise only in a bankruptcy case, is a core proceeding. *See* 28 U.S.C. § 157 (1988); *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987); *National City Bank v. Coopers and Lybrand,* 802 F.2d 990, 994 (8th Cir.1986); *In re Burger Boys, Inc.,* 183 B.R. 682 (S.D.N.Y.1994). An action that does not depend upon the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction is non-core. *E.g., In re Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1178 (3d Cir.1996); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Manville Forest Products Corp.,* 896 F.2d 1384, 1389 (2d Cir.1990); *In re Colbert,* 117 B.R. 51, 53 (Bankr.D.Conn. 1990).

Bachner, Tally argues that the third-party complaint arises under state law, could arise outside of the bankruptcy context, and therefore is non-core. Plainly, Green could assert claims of malpractice, breach of fiduciary duty, and breach of contract against his former attorneys independent of his having filed for bankruptcy. In light of this fact, such claims normally are deemed to be non-core. *See, e.g., In re Remington Development Group, Inc.,* 180 B.R. 365, 368 n. 6 (Bankr. D.R.I.1995) (breach of fiduciary duty and legal malpractice claims are non-core); *In re White,* 172 B.R. 841, 843–44 (S.D.Miss.1994) (same). That is all the more true in this case, where an action was pending against Green in state court on essentially the same claim as is now asserted against him in the adversary complaint, and Green could have raised his third-party claim in the state court action. In consequence, it is difficult to see how he can assert that the claim is non-core.

Green urges the Court to determine the core or non-core nature of the issues raised in the third-party claim by reference to the adversary complaint in response to which the third-party complaint was filed. In essence, he argues that the characterization of the plaintiffs' claims as core or non-core controls the characterization of his third-party claim because the third-party claim seeks indemnification for any liability he may be found to have to the plaintiffs. This Court sees no reason why the third-party claim's core or non-core nature ought to be so determined. A number of other courts, moreover, have rejected that view. *See, e.g., In re Walker,* 168 B.R. 114, 120 n. 4 (E.D.La.1994), *aff'd,* 51 F.3d 562 (5th Cir.1995); *Remington Development Group,* 180 B.R. at 368 n. 6; *In re*

---

**3.** The plaintiffs and the third-party plaintiff have not contested Bachner, Tally's assertion that it has a right to a jury trial on the claims raised in the third-party complaint. In its reply papers, Bachner, Tally seems to have abandoned its initial position that the Bankruptcy Court could not hold a jury trial without the consent of all parties regardless of whether the claims at issue are core or non-core. In this connection Bachner, Tally had relied on 28 U.S.C. § 157(e). Section 157(e) provides that:

"If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to

exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (U.S.C.A.Supp. 1996).

Thus, since it has not consented to resolution of the third-party claim by a jury trial in the Bankruptcy Court, Bachner, Tally at first contended that the Bankruptcy Court was prohibited by the terms of Section 157(e) from conducting such a trial regardless of the core or non-core nature of the proceeding. This position plainly lacks merit in the context of this case, filed in 1993, in light of the fact that Section 157(e) applies only in bankruptcy cases filed on or after October 22, 1994. Pub.L. 103–394 § 702.

*Summit Airlines, Inc.,* 160 B.R. 911, 922 (Bankr.E.D.Pa.1993).

Green contends also that, as the outcome of his third-party action will affect the amount available for distribution to creditors, it concerns administration of the estate and therefore is core under 28 U.S.C. § 157(b)(2)(A) (1988). In fact, however, the outcome of his third-party action is only tangentially related to the size of the estate. The vitality of the third-party complaint depends, among other things, on whether the plaintiffs prevail against Green. In that event, the liability to the estate will have been established, and the outcome of the third-party action would determine only who will fund the liability.[4] In any case, the Second Circuit has expressly rejected the contention that any action which could inure to the benefit of the estate is core simply by virtue of its potential impact on the amount ultimately available for distribution to creditors. *In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2d Cir.1993). Such an approach, the Court held, would "swallow the rule," as virtually any action brought by the debtor may be expected to inure to the benefit of the estate. *Id.* Accordingly, in light of the state law, non-bankruptcy nature of Green's third-party complaint, that complaint is non-core.

■ The determination that the third-party complaint is non-core leads to the conclusion that the motion to withdraw reference as to the third-party complaint should be granted. As noted above, there is no dispute that Bachner, Tally is entitled to a jury trial on the third-party claim, that it has made a timely jury demand, and that it has refused to consent to final resolution of non-core matters by the Bankruptcy Court. In such circumstances, the Bankruptcy Court's findings of fact and conclusions of law as to such non-core matters would be subject to *de novo* review in this Court. *See In re Ben Cooper, Inc.,* 896 F.2d 1394, 1403 (2d Cir.1990). Thus, if a jury were impaneled in the Bank-

ruptcy Court to hear this non-core dispute, its findings would be subject to *de novo* review here. Such review of matters determined by a jury would violate the Seventh Amendment. *Orion Pictures,* 4 F.3d at 1101. *Accord In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir.1990); *Beard v. Braunstein,* 914 F.2d 434, 442–43 (3d Cir.1990); *In re Kaiser Steel Corp.,* 911 F.2d 380, 391 (10th Cir.1990). Thus, where, as here, a party demands a jury trial and refuses to consent to resolution of non-core matters by the Bankruptcy Court, the reference should be withdrawn with regard to those non-core matters. *Orion Pictures,* 4 F.3d at 1101; *In re CIS Corp.,* 172 B.R. 748, 755 (S.D.N.Y. 1994).

■ This conclusion leaves the question of what this Court is to do with the third-party action. The third-party defendant cannot be held liable, of course, unless the plaintiffs first prevail in their adversary proceeding against the defendant/third-party plaintiff. Thus there would be little reason to try the third-party action unless and until such an outcome were reached in the Bankruptcy Court. Moreover, withdrawal of the reference as to the third-party action while allowing the adversary complaint to proceed in the Bankruptcy Court—although it would protect Bachner, Tally's right to a jury trial by hearing the third-party action here—likely would result in duplicative presentations on substantially overlapping factual matters. Such a process would cause unnecessary delay and deplete both judicial resources and the assets of the bankruptcy estate. Accordingly, the Court withdraws the reference as to the entire adversary proceeding.[5] This will permit the entire matter to be resolved in one court while preserving Bachner, Tally's right to a jury trial.

*Conclusion*

The reference is hereby withdrawn with respect to Adversary Proceeding No. 94–8255A. The parties are directed to appear

---

4. This of course ignores the possibility that the third-party defendant would be more likely to satisfy a judgment than Green. But it is impossible to see why this should affect the analysis.

5. The Court has the power, pursuant to 28 U.S.C. § 157(d) (1988), to withdraw the reference on its own motion. The lack of a motion by a party for such relief with regard to the complaint against Green therefore is no obstacle to this result.

for a scheduling conference in this matter at 9 a.m. on September 30, 1996, in Courtroom 12D.

SO ORDERED.