In re CROWE ROPE INDUSTRIES, LLC, Debtor.

John C. Turner, Chapter 7 Trustee, Plaintiff,

v.

J.P. Bolduc, JPB Enterprises, Inc., Michael Carrender, and Key Capital Corporation, Defendants.

Bankruptcy No. 00–11891.
Adversary Proceeding No. 03–1105.

United States Bankruptcy Court, D. Maine.

March 10, 2004.

Kevan Lee Rinehart, Richard P. Olson, Esq., Perkins Olson, P.A, Portland, ME, for creditor.

Michael J. Gartland, Esq., Marcus, Clegg & Mistretta, P.A., Fred W. Bopp, III, Esq., David M. Hirshon, Esq., Marshall J. Tinkle, Esq., Tompkins, Clough, Hirshon & Langer, Portland, ME, for Defendants.

### MEMORANDUM OF DECISION

LOUIS H. KORNREICH, Bankruptcy Judge.

In this adversary proceeding the chapter 7 trustee ("Trustee") seeks damages from the remaining defendants J.P. Bolduc ("Bolduc") and JPB Enterprises, Inc. ("JPBE") for alleged pre– and post-petition misconduct as insiders of the debtor, a Maine limited liability company. Before me are two defense motions arising out of the Third Amended Complaint: the motion of defendants to strike Trustee's jury demand on Count III (breach of fiduciary duty) and the motion of Bolduc to dismiss Count V (alter ego). The other pending counts against Bolduc and JPBE, which are not of immediate concern, are Count I

(§ 548 [1] fraudulent transfer) and Count II (§ 544 fraudulent transfer). Count IV against Key Capital Corporation has been dismissed and Michael Carrender has been dismissed from Count III, leaving Bolduc as the lone defendant in that count. The defendants have made no jury demand and, to date, have not consented to a jury trial in the bankruptcy court.

### I. *Procedural Background*

The Trustee's original complaint is dated May 20, 2003. He filed a timely jury demand pursuant to F.R. Civ. P. 38. His first, second, and third amended complaints were all filed without objection by defendants. The defendants' answer to the third amended complaint included a counterclaim, which requested that their pre-petition claims be allowed against the estate. At about that same time, the defendants each filed one or more timely proofs of claim.

### II. *Count III—Right to a Jury Trial*

In Count III, the Trustee alleges that Bolduc, as a controlling member of the debtor, breached his fiduciary duty to the debtor's creditors. Specifically, he asserts that during the time the debtor was a debtor-in-possession, Bolduc (1) failed to cease the debtor's operations once he knew or should have known that the estate was administratively insolvent; (2) improperly managed the debtor-in-possession's operations; and (3) manipulated the bankruptcy process to his own benefit rather than for creditors. The adequacy of Count III as a cause of action is not presently before me.

■ The defendants [2] have not challenged the Trustee's fundamental claim to a jury right on the breach of fiduciary duty claim; instead, they assert that no Seventh Amendment [3] jury right applies to Count III for two reasons: First, by filing proofs of claim and a counterclaim to the Trustee's complaint, the defendants submitted themselves to the bankruptcy court's equitable claims resolution process (Joint Motion of Defendants ... to Strike Plaintiff's Jury Trial Demand, p. 10); and second, that the debtor's voluntary bankruptcy filing eliminated any right to a jury trial in this adversary proceeding. *Id.* at p. 11. Neither argument is persuasive in this context. The first argument is premised upon the general rule is that a creditor will lose an otherwise applicable jury right by filing of a proof of claim for a pre-bankruptcy debt. *See, e.g., Langenkamp v. Culp,* 498 U.S. 42, 45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). A valid point, but these defendants have failed to connect *their* submission to this court's equitable *pre-petition* claims resolution process to the *Trustee's* action for *post-petition* breach of fiduciary duty.

■ The defendant's second argument is also short of the goal. A voluntary petition does submit a debtor-in-possession to the equitable jurisdiction of the bankruptcy court and, for that reason, the filing of a bankruptcy petition would, as a general rule, extinguish whatever jury right a debtor-in-possession might have had in a

---

1. Unless otherwise stated all statutory references shall be to title 11, United States Code ("Bankruptcy Code" or "Code").

2. There has been no challenge to JPBE's standing to object to the jury demand even though Bolduc remains the only defendant in Count III.

3. The Seventh Amendment provides: "In Suits at common law, where the value in controversy exceeds twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

cause of action which arose before bankruptcy. *See, e.g., N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1505 (7th Cir.1991). Yet, the defendants have failed to provide any authority for extending this rule to a cause of action, like the present one, which stems from post-bankruptcy conduct and is unrelated to the resolution of pre-petition claims. More importantly, they have failed to address the salient question of whether there is a jury right on a cause of action for breach of fiduciary duty.

The Trustee's single authority on this fundamental issue, *In re White*, 172 B.R. 841 (S.D.Miss.1994), is not very helpful. That case involved a complaint sounding in negligence, breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy to defraud, and RICO. Although a right to a jury was affirmed, the breach of fiduciary duty claim was not isolated as a discrete cause of action with its own jury right.

The Trustee also contends that he is entitled to a jury because Count III is a non-core proceeding. According to the authorities he has cited he may be right, but his contention is premature. Further, his authorities discuss only pre-petition breaches of fiduciary duty, and do not treat the jury question. The current trial schedule provides that the core issue will be determined following the next pretrial conference. February 19, 2004 Stipulation and Order Amending Certain Deadlines, paragraph 5. When made, that decision will shape the extent to which I, as a bankruptcy judge, am required to submit proposed findings and conclusions to the district court or may enter appropriate orders and judgments on my own authority, subject to appellate review. If Count III is a core proceeding, my orders and judgments will be subject to appeal under 28 U.S.C. § 158. *See* 28 U.S.C.

§ 157(a),(b), and (c). If it is a non-core proceeding my decisions will be submitted to the district court unless the parties consent to a complete reference. *See* 28 U.S.C. § 157(c). Either way, my authority to conduct a jury trial will depend upon the consent of all parties. *See* 28 U.S.C. § 157(e); D. Me. R. 83.6. We now turn to the question of whether a jury right applies to a claim for breach of fiduciary duty.

■ *Granfinanciera, S.A. v, Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) and its progeny hold that if the Seventh Amendment preserves the right to a jury trial, that right exists in a bankruptcy case. *Id.* at 64–65, 109 S.Ct. 2782.

The Seventh Amendment provides "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." We have consistently interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable claims alone were recognized, and equitable remedies were administered." Although "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791," the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty."

*Id.* at 41–42, 109 S.Ct. 2782 (emphasis in original; internal citations omitted). The essential question is whether the Trustee's claim is legal or equitable. The answer is determined by federal law, even if the cause of action is created by state law. *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963).

Federal courts are nearly unanimous in holding that a breach of fiduciary duty claim is an action in equity, to which no jury right attaches. *See Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry,* 494 U.S. 558, 567, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)(citing 2 J.Story, *Commentaries on Equity Jurisprudence* § 960, at 266 (13th ed. 1886) and *Restatement (Second) of Trusts* § 199(c)(1959)); *In re Evangelist,* 760 F.2d 27, 29 (1st Cir.1985)("Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions in equity—carrying with them no right to trial by jury." citing *Restatement of Restitution,* introductory note at 9 (1937)); *In re Jensen,* 946 F.2d 369, 372 (5th Cir.1991); *Broadnax Mills, Inc. v. Blue Cross and Blue Shield of Virginia,* 876 F.Supp. 809, 816 (E.D.Va. 1995); *Pereira v. Cogan,* 2002 WL 989460 at *3 (S.D.N.Y.2002).

The holding in *Terry* is instructive. Faced with a jury demand on a statutory claim for failure of representation in collective bargaining under the National Labor Relations Act, 29 U.S.C. § 159(a), the Court began its analysis by choosing breach of fiduciary duty, an equitable claim with no jury right, as an historical analogue. Upon that foundation the Court placed the commingled legal and equitable attributes of the NLRA and topped off the structure with the plaintiffs' request for monetary relief, a remedy traditionally awarded by courts of law. The outcome was a claim with a jury right. 494 U.S. at 573, 110 S.Ct. 1339. Along the way the we were told that, "[t]his Court has not, however, held that any award of monetary relief must *necessarily* be legal relief." 494 U.S. at 570, 110 S.Ct. 1339 (emphasis in original; internal quotations and citations omitted).

Unlike *Terry,* Count III presents a direct claim for breach of fiduciary duty.

No breach of any duty under any state or federal statute, including § 1106 of the Bankruptcy Code has been alleged. Thus, there are no *Terry*—like statutory implications to be weighed in favor of a jury right. But the opposite may be true. At least one bankruptcy court has suggested that there are overriding Bankruptcy Code implications weighing against the application of a jury right on a claim for breach of fiduciary duty which originated post-petition. *See In re Carter Paper Co., Inc.,* 220 B.R. 276 (Bankr.M.D.La.1998). In that case the court held that a claim by a debtor against his former trustee for breach of fiduciary duty was an equitable claim without a jury right because the administration of an estate falls within of the bankruptcy court's equitable jurisdiction. *Id.* at 311. Like the claim in *Carter Paper,* Count III is based upon allegations of misconduct during the administration of the case.

■ Finally, I am not persuaded by the Trustee's prayer for monetary relief. *See Securities and Exchange Commission v. Commonwealth Chemical Securities, Inc.,* 574 F.2d 90, 95 (2d Cir.1978) ("But while injunctions were the exclusive business of equity, it was never true that money claims were totally excluded from its jurisdiction. Actions against a trustee for breach of trust . . . are a classic example of the power of an equity judge to require a defendant to pay money.")(internal citations omitted). *See also Bessette v. Avco Financial Services, Inc.,* 230 F.3d 439, 446 (1st Cir.2000)(holding that a bankruptcy court, as court of equity, may award money damages to give complete remedial relief for contempt).

■ Some courts have attempted to put a gloss on the general rule that a claim of breach of fiduciary duty is an equitable action. For example, in *Stalford v. Blue Mack Transport, Inc. (In re Lands End*

*Leasing, Inc.),* 193 B.R. 426 (Bankr.D.N.J. 1996), the court commented:

> American jurisprudence expanded the strictly equitable view of actions for breach of fiduciary duty by recognizing dual aspects to such suits: the alleged breach of fiduciary obligation, a traditionally equitable matter; and the underlying claim giving rise to the breach, which if legal, carried the right to a jury trial. Thus, while a claim of breach of fiduciary duty sounds in equity, the court must consider the nature of the underlying claims without relying on the labels in the pleadings. Where a claim of breach of fiduciary duty is predicated upon an underlying claim which is legal in nature, the issues of breach and the predicate claim are for a jury.

*Id.* at 433 (internal citations omitted). Because the allegations of the complaint in that case were, according to the court, appropriately characterized as a common law tort action for conversion or fraud, and legal in nature, a jury trial right was present. *Id.* I do not adopt this approach, because virtually every breach of fiduciary duty claim could be interpreted to have elements of a legal claim, such as negligence or fraud. As the court noted in *Pereira,*

> Under the theory that defendants posit, it is difficult to imagine that any breach of fiduciary duty claim would not be premised on some action that could be tried at law and parties seemingly would be entitled to a jury trial on any and all breach of fiduciary duty claims.... Breach of fiduciary duty has not historically been divided into its equitable and legal parts, but treated as a single equitable cause of action. In light of the consequences of a different rule, so it should remain.

2002 WL 989460 at \*3–4. I agree. Absent some compelling reason, like the stat-utory implications in *Terry,* a court should not go panning for the nuggets of a jury right.

### III. *Dismissal of Count V*

■ Bolduc argues that Count V, which seeks to hold him liable as the debtor's alter ego, should be dismissed because the Trustee lacks standing to raise the issue. According to Bolduc, a trustee may assert only the rights of a debtor, and a debtor may not seek to pierce its own veil.

A court weighing a motion to dismiss "must accept as true the factual allegations of the complaint, construe all reasonable inferences therefrom in favor of the plaintiffs, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory of the case." *Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 16 (1st Cir. 1998).

A chapter 7 trustee's duty under 11 U.S.C. § 704 is to "collect and reduce to money the property of the estate...." Property of the estate is, in turn, defined in 11 U.S.C. § 541 to include all property interests of the debtor. The First Circuit recently commented on the distinction between causes of action owned by a debtor corporation and those owned by creditors. "The Creditors Trustees may properly stand in the shoes of the corporation and its shareholders for purposes of the suit because they are continuing the corporation's cause of action, not initiating a separate action on behalf of creditors." *Liston v. Gottsegen (In re Mi–Lor Corp.),* 348 F.3d 294, 301 (1st Cir.2003).

■ Whether a corporation can pierce its own veil must be determined under state law. *See Mixon v. Anderson (In re Ozark Restaurant Equipment, Co., Inc.),* 816 F.2d 1222, 1225 (8th Cir.1987), *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). In that case, the

court held that the Chapter 7 trustee could not pierce the corporate veil because, under Arkansas law, as in most other jurisdictions, "[a] corporate entity is to be disregarded only if the corporate structure is illegally or fraudulently abused *to the detriment of a third person.*" 816 F.2d at 1225 (emphasis in original; internal citations omitted).

 The parties have argued the issue under Maine law where the standard for piercing the veil of a limited liability company is the same as it is for a corporation. *See Mowles v. Predictive Control Systems, LLC,* 2002 WL 31546164 at *2 (Me.Super.); 31 M.R.S.A. § 645(3). Corporations are separate legal entities and "courts are generally reluctant to disregard the legal entity and will cautiously do so only when necessary to promote justice." *Johnson v. Exclusive Properties Unlimited,* 720 A.2d 568, 571 (Me.1998). "[B]efore a court may pierce the corporate veil, a plaintiff must establish that (1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence." *Id.*

 Normally, a creditor seeks to pierce the corporate veil to hold an officer or shareholder liable for corporate obligations. When a corporate insider seeks to pierce his own corporation's veil, Maine's Law Court has termed the attempt "reverse piercing." *Sturtevant v. Town of Winthrop,* 732 A.2d 264, 270 (Me. 1999). In that case, the Court held that a shareholder could not reverse pierce the corporate veil to hold a third party liable on a corporate contract. "[A] sole shareholder may not choose to ignore the corporate entity when its suits his or her convenience." *Id.* at 270, (quoting 1 FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.35 at 672–73 (perm. ed.1999)).

While the Law Court did not specifically hold that a corporation could not pierce its own veil, the result it reached in the *Sturtevant* case indicates that it probably would not approve a trustee of a corporate debtor "ignor[ing] the corporate entity when it suits his ... convenience." 732 A.2d at 270. For the above reasons the alter ego claim is not property of the estate. Count V shall be dismissed.

A separate order will issue.