Plaintiffs Richard C. Culp, Sr., and Johnnie H. Culp appeal the orders granting the motion filed by defendants Economy Mobile Homes, Inc., and William Joseph Baldwin, to strike the affidavit of Richard C. Culp, Sr., and the motion filed by defendant PFS Corporation to strike paragraph 23 of Richard's affidavit; granting the motions filed by defendants Economy, Baldwin, Conseco Finance Corporation f/k/a Green Tree Financial Servicing Corporation, and PFS to compel arbitration; and granting the Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss filed by defendants Gregory D. Rustin individually; Rustin d/b/a Free State Homes Manufacturing, Inc.; and Free State Homes Manufacturing, L.L.C. We affirm the orders granting the motions to compel arbitration and the motions to strike Richard Culp's affidavit and paragraph 23 of Richard Culp's affidavit. Because these specified orders are supported by well-established law, this opinion will not discuss the issues argued by the plaintiffs contesting these specified orders.
This opinion will discuss only the Rule 12(b)(6) dismissal of the Culps' claims against Rustin individually; Rustin d/b/a Free State Homes Manufacturing, Inc.; and Free State Homes Manufacturing, L.L.C. We reverse that order and remand the cause for further proceedings.
In October 1999, the Culps and Economy executed a retail installment contract for the Culps' purchase of a mobile home manufactured by Free State Homes Manufacturing, L.L.C. After the mobile home was delivered and set up, the Culps inspected the mobile home and found what they considered to be numerous defects.
The Culps sued Rustin individually and Rustin d/b/a Free State Homes Manufacturing, Inc., for violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). They sued Rustin d/b/a Free State Homes Manufacturing, Inc., for fraudulent misrepresentation also. The Culps specifically acknowledged the corporate entity of Free State Homes Manufacturing, Inc. However, they claimed that that entity was "a sham" used by Rustin to avoid "personal contract liability for express and implied warranties on the manufactured homes, and to avoid personal tort liability arising out of the defective construction of a manufactured home."
The Culps sued Free State Homes Manufacturing, L.L.C., and PFS Corporation *Page 859 
for failing to perform their responsibilities under 24 C.F.R. § 3280 and § 3282 in inspecting the mobile home sold to the Culps. The Culps also sued PFS for conspiring with Free State Homes Manufacturing, L.L.C., to affix Department of Health and Urban Development labels improperly to the allegedly defective mobile home the Culps had purchased from Economy.
Rustin individually; Rustin d/b/a Free State Homes Manufacturing, Inc.; and Free State Homes Manufacturing, L.L.C., moved to dismiss the complaint or, in the alternative, to compel the Culps to arbitrate their claims. These three defendants also moved to dismiss the amended complaint on this ground:
 "1. The claims against Gregory D. Rustin individually fail to state claims upon which relief may be granted in that the wrongful acts alleged against these Defendants arose from the conduct of a purported Business entity in which Gregory D. Rustin held an ownership interest. It is well settled under Alabama Law that an owner or officer is not liable for the wrongs of a Corporate entity absent a showing of personal involvement and liability for the wrongs complained.
 "WHEREFORE, Reserving all rights, claims, and Defenses, waiving no rights under the Subject Arbitration Agreement, Defendants file this, Their Motion to Dismiss pursuant to Rule 12(b)6 of the Alabama Rules of Civil Procedure, and respectfully requests the Complaint failed [sic] herein be dismissed, with prejudice, with all costs taxed you [sic] the Plaintiff."
The text of this Rule 12(b)(6) motion challenges only the claims against Gregory D. Rustin individually and not the claims against any corporate entities. Rustin submitted his own affidavit in support of the motion to dismiss or, in the alternative, to compel arbitration. To the extent that this affidavit applies, if at all, to the Rule 12(b)(6) motion, it denies only that Rustin personally participated in any of the alleged acts or breaches by the manufacturer, the L.L.C., against the plaintiffs, the Culps. But the Culps' complaint does not assert any claims against Rustin for his personal participation in the alleged acts or breaches by the L.L.C. that we can recognize. The affidavit is silent on the validity of the claims actually alleged against Rustin and on the validity of the claims alleged against the L.L.C. itself. Thus, the affidavit could not have converted the Rule 12(b)(6) motion to a motion for summary judgment. The trial court heard argument on the motion to dismiss and subsequently granted the motion.
 "The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993) (citations omitted).
 "In certain situations the corporate entity will be disregarded and limited stockholder liability will be denied. The following factors are commonly used as justification for `piercing the corporate veil' and imposing personal liability on shareholders or imposing liability on a controlling corporation: 1) inadequacy of capital; 2) fraudulent purpose in conception *Page 860 
or operation of the business; 3) operation of the corporation as an instrumentality or alter ego. Piercing the Corporate Veil in Alabama: In Search of a Standard, 35 Ala. L.Rev. 311 (1984).
 "Initially, we note that it is under the third theory that [the plaintiffs] contend that the corporate entity should be disregarded. Alabama law has recognized that in proper situations, when the corporate form is being used to evade personal responsibility, the corporate form will be disregarded and liability will be imposed on the person controlling the corporation and subverting it to his personal use by the conduct of its business in a manner to make it merely his instrumentality. Cohen v. Williams, 294 Ala. 417, 318 So.2d 279
(1975). Although the limitation of personal liability is a valid corporate attribute, the corporate entity will be disregarded when it is used solely to avoid a personal liability of the owner while reserving to the owner the benefits gained through use of the corporate name. Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala. 1981) (citing Woods v. Commercial Contractors, Inc., 384 So.2d 1076
(Ala. 1980))."
Messick v. Moring, 514 So.2d 892, 894 (Ala. 1987). In their complaint, the Culps alleged that Rustin used Free State Homes Manufacturing, Inc., as a sham to avoid personal liability. Therefore, the Culps stated a claim to pierce the corporate veil of Free State Homes Manufacturing, Inc., and to impose personal liability on Rustin personally. Accordingly, the Culps stated a claim on which relief could be granted. Similarly, the Culps alleged an AEMLD claim against Rustin individually that is not dependent on any participation by him in the acts of the L.L.C. Therefore, the trial court erred in dismissing the Culps' claims against Rustin individually and against Rustin d/b/a Free State Homes Manufacturing, Inc.
The Rule 12(b)(6) motion does not purport to assert any ground that would justify a dismissal of the Culps' claims against Free State Homes Manufacturing, L.L.C. Therefore, the trial court also erred in dismissing the Culps' claims against Free State Homes Manufacturing, L.L.C.
The Rule 12(b)(6) dismissal of the Culps' claims against Rustin individually, Rustin d/b/a Free State Homes Manufacturing, Inc., and Free State Homes Manufacturing, L.L.C., must be reversed and the cause must be remanded for further proceedings not inconsistent with this opinion. All other rulings appealed by the Culps are affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, LYONS, HARWOOD, and WOODALL, JJ., concur.