**FILO AMERICA, INC., d/b/a F & F Industries, Plaintiff,**

v.

**OLHOSS TRADING COMPANY, L.L.C.; Steven Lamar Fowler; and Mary Catherine Spann, Defendants,**

v.

**Robert Alexander, d/b/a B & G Distributors, Third–Party Defendant.**

**Civil Action No. 1:04cv322–T.**

United States District Court, M.D. Alabama, Southern Division.

June 22, 2004.

Joel Davidson Connally, Sasser Littleton & Stidham PC, Montgomery, AL, Stephen L. Joseph, Law Offices of Stephen L. Joseph, San Francisco, CA, for Plaintiff.

Richard Martin Adams, Parkman & Associates, Dothan, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff FILO America, Inc. brought this lawsuit against defendants Olhoss Trading Company, LLC, Steven Lamar Fowler, and Mary Catherine Spann, alleging state-law claims of breach of contract, fraud, conversion, and deprivation of ownership. The diversity-of-citizenship jurisdiction of the court is properly invoked pursuant to 28 U.S.C.A. § 1332. This case is now before the court on Fowler and Spann's Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. For the following reasons, this motion will be denied.

### I. Procedural issues

First, the court must address some procedural issues raised by the dismissal motion. Fed.R.Civ.P. 12(b) states that "a motion making any of these defenses [including failure to state a claim upon which relief can be granted] shall be made before pleading if a further pleading is permitted." Fowler and Spann's Rule 12(b)(6) motion to dismiss for failure to state a claim was filed after they had filed an answer.[1] Once the answer was filed, the pleadings were closed, and a Rule 12(b)(6) motion to dismiss, which did not go to the jurisdiction of the court, was inappropriate. *Hallberg v. Pasco County*, 1996 WL 153673, at *2 (M.D.Fla.1996). However, when a defendant files a Rule 12(b)(6) motion after filing an answer, a court can exercise its discretion and treat the motion

---

1. Answer filed May 3, 2004 (Doc. no. 14); motion to dismiss filed May 3, 2004 (Doc. no. 15).

as a Rule 12(c) motion for judgment on the pleadings. *Id.; Summers v. Howard Univ.,* 127 F.Supp.2d 27, 29 (D.D.C.2000).

■ Complicating matters further is the fact that Fowler and Spann filed a brief in support of their motion to dismiss and attached to the brief was an affidavit. If, on either a Rule 12(b)(6) motion to dismiss for failure to state a claim or a Rule 12(c) motion for judgment on the pleadings, "matters outside the pleadings are presented to the court and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56 [of the Federal of Civil Procedure]," with all parties given an opportunity to present evidence. Fed. R.Civ.P. 12(b) & (c). Thus, the court must either ignore or exclude the affidavit or treat the motion as a motion for summary judgment.

The court will exercise its discretion to ignore the affidavit filed in support of Fowler and Spann's motion; then, for the reasons explained above, the court will treat the motion as a Rule 12(c) motion for judgment on the pleadings.[2]

## II. Merits of motion for judgment on the pleadings

■ "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). Here, judgment on the pleadings is inappropriate because there are material facts in dispute.

■ Fowler and Spann argue that they should be dismissed from the case because they are members of co-defendant Olhoss Trading Company, a limited liability company, and Alabama law prohibits suits against a limited liability company, otherwise known as an LLC, from being brought against the members of the company. It is true that, in general, members of an LLC are not proper parties to proceedings against the LLC, 1975 Ala.Code § 10–12–18, and members are not liable for judgments against the LLC, 1975 Ala. Code § 10–12–20.

FILO America argues that Fowler and Spann's motion should be denied because it has made allegations which, if proved, would justify "piercing the LLC veil" of Olhoss. It is well-established in Alabama law that in some limited circumstances, a court can disregard a corporate entity, or "pierce the corporate veil," and impose liability directly on the stockholders or owners of a corporation. *Culp v. Economy Mobile Homes, Inc.,* — So.2d —, ——, 2004 WL 541818, at *2–3 (Ala.2004).

However, here Fowler and Spann are not the owners or stockholders of a corporation, but rather are members of an LLC. FILO America does not cite, and the court does not find, any Alabama case addressing the question of whether the "veil" of an LLC can be "pierced" in the same way that a corporate "veil" can be "pierced." This may be due to the fact that LLCs are a relatively new legal form in Alabama, having been created by statute only in 1993. *See* Bradley J. Sklar and W. Todd Carlisle, *The Alabama Limited Liability Company Act,* 45 Ala. L.Rev. 145, 146 (1993).

■ However, this court is convinced that, under Alabama law, it is possible to "pierce the veil" of an LLC.[3] The LLC is a "hybrid form of business entity that, when

---

2. Of course, if Fowler and Spann wish to move for summary judgment and to resubmit this affidavit in support of that motion, they may do so.

3. Of course, sitting in a diversity case, this court is making only an educated guess as to how the Alabama Supreme Court would rule on this issue.

properly structured, combines the most desirable feature of a corporation (limited liability) with the income tax advantages of a partnership (pass-through treatment)." *Id.* at 147. Under Alabama's statutes, an LLC has the same kind of limited liability as does a corporation. 1975 Ala.Code § 10–12–20 commentary ("The effect of this section is that a limited liability company will always have the corporate characteristic of limited liability"). Relatedly, "with respect to his liability for the debts and obligations of the limited liability company, a member is analogous to a limited partner or a stockholder." *Id.* Because the LLC borrows its limited liability characteristics from the law applicable to corporations, the "veil-piercing" exception applicable to corporations should also apply to LLCs. In other words, since a stockholder or owner of a corporation can be held liable for the debts and obligations of the corporation in the rare case in which "piercing the corporate veil" is appropriate, a member of an LLC should be similarly liable when it is appropriate for the "veil" of the LLC to be "pierced." *See* Sklar and Carlisle, *supra,* at 200 (stating that corporate precedents on veil piercing will probably apply to LLCs in Alabama).

The commentators who have discussed the issue as a nationwide matter have concluded that the "veil-piercing" doctrine applies to LLCs. Karin Schwindt, *Comment, Limited Liability Companies: Issues in Member Liability,* 44 U.C.L.A. L.Rev. 1541 (1997); Robert B. Thompson, *The Limits of Liability in the New Limited Liability Entities,* 32 Wake Forest L.Rev. 1 (1997); Rachel Maizes, *Limited Liability Companies: A Critique,* 70 St. John's L.Rev. 575 (1996); Robert R. Keatinge, et al., *The Limited Liability Company: A Study of the Emerging Entity,* 47 Bus. Law. 375, 445 (1992); Curtis J. Braukmann, Comment, *Limited Liability Companies,* 39 Kan. L.Rev. 967, 992 (1991); Wayne M. Gazur & Neil M. Goff, *Assess-*

*ing the Limited Liability Company,* 41 Case W. Res. L.Rev. 387, 403 (1991); Eric Fox, Note, *Piercing the Veil of Limited Liability Companies,* 62 Geo. Wash. L.Rev. 1143 (1994).

Further, the courts in other States that have considered whether the "veil-piercing" doctrine applies to LLCs have concluded that it does. *XL Vision, LLC. v. Holloway,* 856 So.2d 1063, 1066 (Fla.App. 2003); *Tom Thumb Food Markets, Inc. v. TLH Properties, LLC,* 1999 WL 31168, at *3 (Minn.App.1999) (unpublished opinion); *New Horizons Supply Coop. v. Haack,* 590 N.W.2d 282, 1999 WL 33499 (Wis.App. 1999) (unpublished table opinion); *Bowen v. 707 On Main,* 2004 WL 424501, at *2 (Conn.Super.2004) (unpublished opinion); *Advanced Telephone Sys., Inc. v. Com–Net Professional Mobile Radio, LLC,* 846 A.2d 1264, 1281–82 (Pa.Super.2004); *see also In re Crowe Rope Indus., LLC,* 307 B.R. 1, 7 (Bkrtcy.D.Me.2004) (Maine law as predicted by bankruptcy court); *In re Sanner,* 218 B.R. 941 (Bkrtcy.D.Ariz.1998) (Arizona law as predicted by bankruptcy court); *Hollowell v. Orleans Regional Hosp.,* 1998 WL 283298, at *9 (E.D.La.1998) (Louisiana law as predicted by federal district court); *Ditty v. CheckRite, Ltd.,* 973 F.Supp. 1320, 1335–36 (D.Utah 1997) (Utah law as predicted by federal district court).

Therefore, this court concludes that, under Alabama law, it is possible to "pierce the veil" of an LLC in some situations. The factors that Alabama courts consider in deciding whether it is appropriate to "pierce the veil" of a corporation are: (1) inadequacy of capital; (2) fraudulent purpose in conception or operation of the business; (3) operation of the corporation as an instrumentality or alter ego. *Culp v. Economy Mobile Homes, Inc.,* —— So.2d ——, 2004 WL 541818 (Ala.) (internal citations omitted). While some of these factors may not apply to LLCs in the same

way they apply to corporations, *see* Sklar and Carlisle, *supra*, at 202 ("Inadequacy of capital should provide less of a basis for piercing the LLC veil than the corporate veil"), a fraudulent purpose in the conception or operation of an LLC should certainly be a valid reason for "piercing" the LLC's "veil." Eric Fox, Note, *Piercing the Veil of Limited Liability Companies*, 62 Geo. Wash. L.Rev. 1143 (1994) ("If it is in the public interest to disregard the legal fiction when those benefitting from that fiction commit fraudulent conduct, it should not matter to the court whether the legal fiction is used by corporate shareholders or LLC members").

Here, FILO America has stated a claim adequate to pierce Olhoss's LLC "veil" by alleging that Fowler and Spann had a fraudulent purpose in the conception of their business.[4]

### III. Conclusion

For the foregoing reasons, it is ORDERED as follows:

(1) The affidavit of defendant Fowler, attached to the brief in support of the motion to dismiss, filed on June 1, 2004 (Doc. no. 25), is ignored.

(2) The motion to dismiss, filed by defendants Steven Lamar Fowler and Mary Catherine Spann Spann on May 3, 2004 (Doc. no. 15), is treated as a Rule 15(c) motion for judgment on the pleadings and is denied.

---

4. Complaint filed April 5, 2004 (Doc. no. 1), ¶ 28 ("Defendants Spann and Fowler formed Defendant Olhoss on December 30, 2003, to use as a vehicle to defraud Plaintiff and others").