(No. 74816█

STEVEN SOLICH *et al.*, Appellants, v. GEORGE AND ANNA PORTES CANCER PREVENTION CENTER OF CHICAGO, INC., *et al.* (George and Anna Portes Cancer Prevention Center of Chicago, Inc., Appellee).

*Opinion filed January 20, 1994.*

McMORROW, J., took no part.

Robert B. Patterson, of Chicago, for appellants.

French, Kezelis & Kominiarek, P.C., of Chicago (James M. Hofert, Russell P. Veldenz and Daniel C. Hofert, of counsel), for appellee.

Mark Szaflarski, of Joel H. Greenburg, Ltd., of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HARRISON delivered the opinion of the court:

Steven Solich, a steel worker, contracted the lung disease silicosis as the result of prolonged exposure to silica dust at United States Steel's South Works facility in Chicago. The disease became symptomatic and necessitated Solich's retirement in 1982. In 1984 Solich brought this damage action in the circuit court of Cook County against U.S. Steel and the George and Anna Portes Cancer Prevention Center, alleging that his condition could have been averted had U.S. Steel and Portes not been negligent in failing to report to him the adverse results of a chest X ray taken in 1975. Solich's wife, Helen, asserted her own claim against Portes and U.S. Steel for loss of consortium, and Portes filed a counterclaim against U.S. Steel for equitable apportionment. Following a jury trial, a verdict was returned in favor of the Soliches and against both defendants. Steven's damages were found to be $2,096,729.15, and Helen's, $350,000. As between Portes and U.S. Steel, the jury apportioned liability at one percent for Portes and 99% for U.S. Steel.

The circuit court entered judgment on the jury's verdict and denied the defendants' post-trial motions. The appellate court subsequently reversed (238 Ill. App. 3d 741), holding that the Soliches' claims against U.S. Steel were barred by section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.5). Over the dissent of one justice, the appellate court further held that the Soliches' actions against Portes were time-barred by the four-year period of repose set forth in section 13—212(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a)).

During the pendency of the appeal, Steven Solich died. Helen was appointed special administrator and substituted as representative of his estate. In that

capacity and in her own behalf, she subsequently petitioned this court for leave to appeal from that part of the appellate court's judgment which held that the Soliches' claims against Portes were time-barred. We granted Helen's petition (134 Ill. 2d R. 315) and now reverse and remand for further proceedings.

The record before us shows that Steven Solich began working at U.S. Steel in 1948. Hired as a millwright helper, he was eventually promoted to foreman. Because U.S. Steel regarded that as a supervisory position, Solich became entitled to free annual physical examinations. Solich had the first such exam in 1969 and returned for subsequent exams at various times thereafter until the silicosis forced him to retire in 1982. These exams were performed by U.S. Steel personnel at the company's medical clinic, except for the exam Solich had in 1975. That year the company's medical clinic was understaffed, so U.S. Steel contracted to have the examinations performed by Portes.

Portes is an Illinois not-for-profit corporation. Its original purpose was to educate the general public on the detection and treatment of cancer. After it received additional outside funding, it began to offer screening examinations for the early detection of cancer and, by the time of the events giving rise to this lawsuit, it provided comprehensive screening examinations for all diseases. These comprehensive examinations included blood tests, a test for blood in the stool, a proctoscopic examination, a cardiogram, and a chest X ray. The examination Solich underwent at Portes in 1975 was of this type.

Portes sent the results of Solich's 1975 examination, including an interpretation of his chest X ray, directly to U.S. Steel as authorized by a release Solich had signed. Portes would also have released the records directly to Solich had he requested them, but neither

U.S. Steel nor Portes advised Solich that he could make such a request. The only other option conveyed to him was that he could have the results sent to his family physician.

Because of Portes' reporting procedures, Solich was not advised that his X rays revealed the presence of fibrosis in his lungs. Solich's medical experts testified that the finding of fibrosis was clinically significant because of Solich's exposure to silica dust during the course of his work. Fibrosis can be caused by silica dust and may be a precursor to silicosis. Early detection is important. Where fibrosis is discovered in a worker such as Solich, the worker needs to be advised of the condition so that he can remove himself from the hazardous exposure before silicosis has an opportunity to develop. Because that was not done here, Solich did not know to take remedial action. His exposure to silica dust continued, and, by 1982, his fibrosis had degenerated into a silicosis which was so debilitating that it forced him to retire.

The diagnosis of silicosis was made as a result of Solich's annual physical in 1982, but he did not learn of the adverse 1975 X-ray results until the fall of 1983. Although this lawsuit was filed within two years of these events, it came more than four years after the failure of Portes to notify Solich of the results of the 1975 X-ray interpretation. For this reason, Portes argued and the appellate court found that the claims against Portes were time-barred by the four-year period of repose set forth in section 13—212(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a)). That statute provides that except for cases where a cause of action is fraudulently concealed,

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this

State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death ***." Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a).

On this appeal, the Soliches contend that the appellate court was wrong to construe this statute's four-year period of repose as barring their claims against Portes. We agree. When interpreting the limitations provisions of the Code of Civil Procedure, this court recently reiterated that the cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194.) In this endeavor, the courts should look first to the statutory language (*Hernon*, 149 Ill. 2d at 194), for the language of the statute is the best indication of the legislature's intent (*Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 51). Where the meaning of an enactment is unclear from the statutory language itself, the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy. (*Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 484.) Where, however, the language of a statutory provision is clear, the court must give it effect (*West v. Kirkham* (1992), 147 Ill. 2d 1, 6) without resorting to other aids for construction (*People v. Boykin* (1983), 94 Ill. 2d 138, 141).

In this case, the statute at issue plainly states that it is applicable to actions against four specific categories of health care providers, namely, those physicians, dentists, registered nurses and hospitals "duly licensed under the laws of this State." (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a).) Where, as here, a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions, despite the lack of any negative words of limitation. (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 442.) Consistent with these principles, this court has previously held that the statute does not extend to all classes of health care providers who could be the subject of medical malpractice actions. Rather, it affords protection only to the specific health care providers listed therein (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 310) and, in certain circumstances, to employees of such providers when acting within the scope of their employment (*Penkava v. Kasbohm* (1987), 117 Ill. 2d 149).

There is no question that Portes does not fall within any of the categories of providers set forth in the statute. It is not a physician, dentist, registered nurse, or hospital and holds no licenses under the Medical Practice Act (Ill. Rev. Stat. 1983, ch. 111, par. 4401 *et seq.*), the Dental Practice Act (Ill. Rev. Stat. 1983, ch. 111, par. 2201 *et seq.*), the Illinois Nursing Act (Ill. Rev. Stat. 1983, ch. 111, par. 3401 *et seq.*), or the Hospital Licensing Act (Ill. Rev. Stat. 1983, ch. 111 1/2, par. 142 *et seq.*). Nor was Portes acting as an employee of any such health care provider at the time of the events giving rise to this lawsuit. We note, moreover, that while the appellate court held in *Real v. Kim* (1983), 112 Ill. App. 3d 427, 436-37, that the statutory reference to physicians includes corporations formed to practice medicine under the Medical Corporation Act (Ill. Rev. Stat. 1983, ch. 32, par. 631 *et seq.*), Portes is not licensed and does not

qualify to be licensed as a medical corporation under that statute.

Although Portes does not fall within any of the categories of health care providers specifically enumerated in section 13—212(a) of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a)), it urges us to hold that the legislative intent behind that statute would be thwarted if it were not permitted to avail itself of the same period of repose. This we cannot do, for there is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. (*DiFoggio v. Retirement Board of the County Employees Annuity & Benefit Fund* (1993), 156 Ill. 2d 377, 382-83, quoting *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194.) Where an enactment is clear and unambiguous, as this one is, a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express. *Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189.

Portes argues that these principles of statutory construction must yield here because a literal application of the statute would produce unjust results. Portes bases this argument on the proposition that the gravamen of the Soliches' complaint was that the physicians in Portes' employ had committed medical malpractice for which Portes should be held responsible based on principles of *respondeat superior*. Portes argues that because those physicians would be protected by section 13—212(a) of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a)) and because Portes' liability is purely derivative of those physicians, Portes should be able to avail itself of section 13—212(a) as well. We note, however, that the jury's verdict against Portes was not, in fact, based on principles of vicarious liability. The Soliches' theory in the trial court was that their injuries resulted not from some act or omission of the physicians em-

ployed by Portes who performed the tests, but rather from Portes' failure as an institution to have adequate procedures for reporting the test results to Mr. Solich after they were obtained.

Portes argues, in the alternative, that section 13—212(a) of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a)) should still apply because any charge that it was negligent in reporting the test results constitutes a claim "arising out of patient care" within the meaning of the statute. As a preliminary matter, we note that Portes' medical director specifically denied at trial that the clinic was engaged in caring for patients. In his words, "We were treating nobody and we make no diagnosis." In any case, Portes' contention cannot be squared with the plain language of the statute. Section 13—212(a) is not universally applicable to all actions for injury or death "arising out of patient care." As we have just discussed, it applies, by its terms, only to such actions brought against the four categories of licensed health care providers specifically listed in the statute. Because Portes is not among those groups, it does not matter whether the Soliches' claims against it arose out of patient care or not. The statute is inapplicable.

For the foregoing reasons, the judgment of the appellate court is reversed insofar as it held that the Soliches' claims against Portes were barred by section 13—212(a) of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(a)). Because the appellate court based its judgment solely on section 13—212(a), it did not reach other potentially dispositive issues raised by Portes in challenging the circuit court's judgment. The cause is therefore remanded to the appellate court for consideration of those additional issues.

*Reversed and remanded.*

JUSTICE McMORROW took no part in the consideration or decision of this case.