ROBERTA L. CRIPE, Guardian of the Adult and Conservator of the Estate of Roberta A. Schmitz, Plaintiff-Appellant, v. THOMAS E. LEITER *et al.*, Defendants-Appellees.

Third District    No. 3—96—1043

Opinion filed July 10, 1997.—Rehearing denied August 27, 1997.

Bradley S. McMillan (argued), of Heiple & McMillan, of Peoria, for appellant.

Karen L. Kendall, Craig L. Unrath (argued), David R. Sinn, and J. Kevin Wolfe, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

JUSTICE MICHELA delivered the opinion of the court:

Plaintiff, as guardian and conservator of Roberta Schmitz (Schmitz) and her estate, filed an action against defendants in the circuit court of Peoria County seeking damages for consumer fraud, common law fraud, breach of fiduciary duty, legal malpractice and constructive fraud. Plaintiff appeals the court's dismissal with prejudice of her Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 *et seq.* (West 1994)) counts.

## Facts

In 1992, defendants began representing Schmitz for the purpose of transferring her two irrevocable trusts from First National Bank of Peoria to South Side Trust and Savings Bank of Peoria. Defendants also defended Schmitz in a guardianship proceeding filed by plaintiff.

Counts I and VI of plaintiff's complaint alleged that in violation of the Act, defendants made misrepresentations on legal invoices by setting forth charges for time not actually spent in representing Schmitz as her personal attorney and as her trust attorney. Defendants admit that they were to bill Schmitz "at the rate of $125.00 per hour for the performance of all such legal services."

Defendants filed a motion to dismiss and the court ruled that, as a matter of law, the Act does not cover strictly legal services or the billing of such, and it dismissed counts I and VI with prejudice. The court denied plaintiff's motion to reconsider, and this appeal follows.

## Analysis

Plaintiff contends that the court erred in finding that counts I and VI do not fall under the purview of the Act and dismissing those counts with prejudice.

■ On review of a motion to dismiss, a court must accept as true all well-pleaded allegations and view them in the light most favor-

able to plaintiff. The complaint must contain sufficient direct or inferential allegations of all material elements in order to recover under a legal theory. Dismissal is appropriate when it is clearly apparent that plaintiff can prove no facts in support of his claim upon which relief may be granted. *Zinser v. Rose*, 245 Ill. App. 3d 881, 883 (1993).

■ The Act provides that any person who suffers damage as a result of any other person's unfair or deceptive practices in the sale or distribution of any services may bring an action for actual damages or for any other relief that the court deems proper. 815 ILCS 502/2 (West 1994); 815 ILCS 505/10a(a) (West 1994).

This court has held that the Act should be liberally construed to effect its purposes, which are to "eradicate ' "all forms of deceptive and unfair business practices and to grant appropriate remedies to defrauded consumers." ' [Citations.]" *Malooley v. Alice*, 251 Ill. App. 3d 51, 56 (1993).

■ In dismissing plaintiff's counts I and VI, the court relied upon *Frahm v. Urkovich*, 113 Ill. App. 3d 580, 583 (1983), which quoted *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 44 L. Ed. 2d 572, 95 S. Ct. 2004 (1975) (business aspects of the legal profession, *i.e.*, setting minimum fee schedules, were subject to the Sherman Act).

In *Frahm*, the attorney misrepresented and failed to disclose certain facts, which resulted in the plaintiffs losing their entire investment in a real estate transaction. The court in *Frahm* (113 Ill. App. 3d at 585-86) affirmed the dismissal of a count under the Act, finding that the use of the phrase "trade and commerce" in the Act did not include the actual practice of law, *i.e.*, business aspects of the legal profession occurring during the actual practice of law are not subject to the Act. *Frahm* predates the 1990 amendment to the Act that eliminated the requirement that a claimant allege a public injury in order to state a claim under the Act.

Plaintiff asserts that the deceptive billing practice allegations against defendants fall within the commercial aspects of the legal profession and do not involve the actual practice of law. Plaintiff maintains that the only skills required in billing are the ability to tell time and accurately report the amount of time spent in performing legal services.

In support of this assertion, plaintiff cites *Gadson v. Newman*, 807 F. Supp. 1412, 1417 (C.D. Ill. 1992), wherein the court interpreted the *Frahm* and *Goldfarb* decisions, stating:

> "Given that the *Frahm* court quoted *Goldfarb*, this court assumes that the determination of a minimum fee schedule for attorneys is not the 'practice of law,' but instead is a 'business aspect' of law,

subject to regulation. We further interpret *Frahm* to mean that 'practice of law' exception includes activities directly related to the lawyer's professional training or where the lawyer is already subject to regulation from his or her professional organizations." *Gadson*, 807 F. Supp. at 1417.

See also *Pucci v. Litwin*, 828 F. Supp. 1285, 1300 (N.D. Ill. 1993) (not all client claims against attorneys relate to provisions of legal services).

Applying this interpretation of *Frahm* and *Goldfarb*, the *Gadson* court held that the medical profession should not be given a blanket exemption under the Act in regard to the business aspect of its profession. Plaintiff asserts that the reasoning in *Gadson* should be applied to this case, which would result in the legal profession being denied a blanket exemption under the Act. We agree.

A court may not depart from the plain meaning and language of a statute by reading into it exceptions, limitations, or conditions not expressly stated. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994). Although the Act specifically excludes agents of the media and real estate brokers from its provisions (815 ILCS 505/10(b) (West 1994)), it does not provide an exemption for the legal profession. *Frahm* correctly concludes that the Act does not regulate the "practice of law" wherein a lawyer is subject to regulation by the Supreme Court of Illinois; however the "business aspects" of the law practice are not exempt from the Act. We thus conclude that the "business aspects" of the practice of law are not exempt from the Act.

Therefore, we reverse that part of the court's order dismissing with prejudice counts I and VI of the plaintiff's complaint and remand for further proceedings.

Reversed and remanded.

LYTTON, P.J., and SLATER, J., concur.