THE TOWN OF SERENA, Plaintiff-Appellee, v. SCOTT KELLY *et al.*, Defendants-Appellants.

Third District   No. 3—98—0944

Opinion filed January 25, 2000.

Daniel J. Kramer (argued), of Law Office of Daniel J. Kramer, of Yorkville, for appellants.

Paul V. Martin (argued), of Hupp, Lanuti, Irion & Martin, P.C., of Ottawa, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The Township of Serena sought to enjoin the defendants' gravel mining operation, arguing that the activity was not a permitted use of the subject property under the Serena zoning ordinances. After a hearing on the parties' cross-motions for summary judgment, the trial court ruled against the defendants and in favor of Serena. Following our careful review, we reverse the trial court's grant of summary judgment to Serena and remand for entry of summary judgment for the defendants.

The dispute involves the use of an 80-acre parcel of rural land located in the Township of Serena. The property is held in trust by National Bank and Trust Company (National Bank). It is zoned A-1, agricultural, under the Serena zoning ordinances.

In January 1998, Serena officials observed that Scott Kelly was developing a gravel mining operation on the property. Serena served Kelly with notice to cease and desist the operation because it was not a permitted agricultural use of the property under section 4.1—3 of the 1997 Serena Township Zoning Ordinances. When Kelly failed to stop mining, Serena brought the instant action for injunctive relief against Kelly and the National Bank (collectively referred to as the defendants). The defendants raised several affirmative defenses, and the parties filed cross-motions for summary judgment.

In their motion, the defendants argued, *inter alia*, that gravel mining was a nonconforming use of the land established prior to the enactment of the Serena zoning ordinances; that Serena is preempted from regulating gravel mining by the Illinois Surface-Mined Land Conservation and Reclamation Act (Mining Act) (225 ILCS 715/1 *et seq.* (West 1996)); and that section 110—15(b) of the Township Code prohibited Serena from regulating the operation because it was an activity in furtherance of a legitimate agricultural purpose (60 ILCS 1/110—15(b) (West 1996)). In granting Serena's motion for summary, the trial court rejected the defendants' contention regarding preemption by the Mining Act. We hold that townships are preempted by the Mining Act from regulating gravel mining operations and we reverse the trial court's finding to the contrary.

■ The Mining Act governs the activities of those engaging in surface mining in Illinois. 225 ILCS 715/2 (West 1996). Prior to 1981, local governmental control over surface mining was preempted by the Mining Act and all other applicable state laws and regulations pertaining to environmental protection. See *County of Kendall v. Avery Gravel*

*Co.*, 101 Ill. 2d 428, 433-34 (1984). This preemption was eliminated when section 2 of the Mining Act was amended in 1981 to provide:

> "The issuance of a permit under this Act to engage in the surface mining of any resources other than fossil fuels is not intended to relieve the permitee from its duty to comply with other applicable state and *local law* regulating the commencement, location and operation of surface mining facilities." (Emphasis added.) 225 ILCS 715/2 (West 1996).

The issue here is whether the legislature intended by the above language to grant townships authority to exercise control over surface mining activities following the enactment of the 1981 amendment. Serena maintains that the reference to "local law" encompasses townships, as townships are a unit of local government under the Illinois Constitution. See Ill. Const. 1970, art. VII, § 1. To the contrary, the defendants maintain that the legislature intended by the above statutory provision that counties would be the only units of *local* government granted such regulatory authority over surface mining. We agree with the defendants.

■ Statutory construction is a question of law that this court considers *de novo. Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995). The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994). Courts first look to the language of the statute to determine legislative intent. *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 368-69 (1998). To accomplish this goal, the entire statute must be considered, and words used should be given their plain and ordinary meanings. *People v. Hicks*, 164 Ill. 2d 218, 222 (1995). The language of a statute must be viewed as a whole, such that each section of the statute is examined in relation to every other section. *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 185 (1992). When the meaning of the statute is clear, we need not look beyond its language and resort to aids for construction. *Zekman*, 182 Ill. 2d at 369; *Solich*, 158 Ill. 2d at 81. However, where the language is ambiguous, it is appropriate to consider the legislative history. *People v. Zaremba*, 158 Ill. 2d 36 (1994).

■ Turning first to the express language of section 2 of the Mining Act, we note that the legislature states as a purpose of the legislation "to assure that conservation and reclamation plans for all surface mining activity are available for the prior consideration of *county* governments within whose jurisdiction such lands will be affected by surface mining." (Emphasis added.) 225 ILCS 715/2 (West 1996). Thus, there is a clear indication in the statute that reference to "local law" contained in section 2 refers to county government alone. No mention

is made of townships or any other governmental entity. Assuming, *arguendo*, that the statute were ambiguous as to the unit or units of local government intended to exercise authority over surface mines, we would nonetheless find that the legislative intent of the Mining Act was to limit local authority to counties. When the words used are ambiguous or the meaning of the statute is unclear, we may consult legislative history as an aid to construction. *In re B.C.*, 176 Ill. 2d 536, 542-43 (1997).

Here the legislative history of the amendment requiring permitees to submit to "local laws" shows that the amendment was in response to our supreme court's decision in *County of Kendall v. Avery Gravel Co.*, 101 Ill. 2d 428 (1984), wherein that court held that the previous version of the Mining Act prevented counties from exercising any authority over surface mining operations. The legislative history indicates no discussion of townships when the amendment was considered. It is worthy of note, however, that a companion bill, specifically providing for township authority to regulate surface mining, was rejected by the legislature.

■ Based upon the express language of the Mining Act, as amended, and the available legislative history, we find that townships have no statutory authority to regulate surface mining.

As this issue is dispositive of the case, we do not need to discuss the other issues raised by the parties to this appeal. We reverse the trial court's denial of defendant's motion for summary judgment, vacate the grant of summary judgment for Serena, and remand for entry of summary judgment in favor of the defendants.

Reversed and remanded with directions.

HOMER and KOEHLER, JJ., concur.