*In re* COUNTY OF KANKAKEE, ILLINOIS, Special Assessment for Improving Riverside Country Estates, Riverside Country Estates First Addition, Riverside Country Estates Second Addition, and Woodhaven Subdivisions (Thomas E. McClure, Petitioner-Appellee, v. The County of Kankakee, Respondent-Appellant).

Third District  No. 3—99—0710

Opinion filed August 31, 2000.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, and Brenda Gorski, Assistant State's

Attorney, of counsel), and David O. Edwards (argued), of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellant.

Thomas E. McClure (argued), of Elliott & McClure, of Bourbonnais, for appellee.

JUSTICE HOMER delivered the opinion of the court:

Pursuant to section 5—32001 *et seq.* of the Counties Code (Local Improvements Act) (55 ILCS 5/5—32001 *et seq.* (West 1996)), property owners within four Kankakee County subdivisions petitioned the Kankakee County Committee for Local Improvements (Committee) to have water mains extended to those subdivisions and to have to the work financed through a special assessment. When the project was completed, Kankakee County (County) filed its certificate of final cost and completion including charges for time expended by county employees. Thomas McClure, a property owner in one of the affected subdivisions, objected. The circuit court allowed the objection and the County appeals. We affirm.

## FACTS

The subdivisions known as (1) Riverside Country Estates; (2) Riverside Country Estates First Addition; (3) Riverside Country Estates Second Addition; and (4) Woodhaven are located in an unincorporated area of Kankakee County. When the wells providing water to these neighborhoods became contaminated and redrilling failed, the property owners sought to have a water system extended to their subdivisions in order to obtain water services from the Consumers' Illinois Water Company.

The property owners petitioned the Committee pursuant to section 5—32004 of the Local Improvements Act to originate a local improvement for the construction of the water mains. See 55 ILCS 5/5—32004 (West 1996). Upon the recommendation of the Committee, the county board passed a resolution authorizing the construction and installation of a water system. Upon completion of the improvement, the County filed in the circuit court a certificate of final cost and completion which stated that the committee costs and expenses amounted to $30,256.57 (which was 6% of the total assessment). In response, McClure filed an objection arguing that the County was not entitled to be reimbursed for costs arising from the use of county employees to prepare the special assessment. The circuit court ruled in favor of McClure, noting that expenses for county employee salaries for activities associated with making the special assessment were not recoverable under the provisions of section 5—32059 of the Local Improvements Act. See 55 ILCS 5/5—32059 (West 1996). The County appeals from this order.

## ANALYSIS

■ Statutory construction is a question of law to be determined by this court *de novo. Advincula v. United Blood Services*, 176 Ill. 2d 1, 12, 678 N.E.2d 1009, 1015 (1996). The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994). Courts should first attempt to ascertain the intent of the legislature from the plain language of the statute. *Solich*, 158 Ill. 2d at 81, 630 N.E.2d at 822. Section 5—32059 of the Local Improvements Act provides as follows:

> "Costs and expenses. The costs and expenses of maintaining the Committee for paying salaries of the members of the Committee and the expense of making, levying and collecting the special assessment, and also the entire cost and expense attending the making and return of the assessment roll, the legal notices and court costs and the costs of printing of the bonds shall be provided for in the ordinance for the prescribed assessment by adding to the total assessment a certain sum not to exceed 6% of the amount of this assessment, which shall be applied by the Committee toward the payment of the specified and other costs of making, levying and collecting this assessment." 55 ILCS 5/5—32059 (West 1996).

The County asserts that since section 5—32059 provides for the recovery of "the expense of making, levying and collecting the special assessment," it should be compensated for county employees' time which was necessarily used to complete the special assessment.

■ In section 5—32059 of the Local Improvements Act, the legislature specifically included the salaries of committee members, but did not mention county employee salaries. Under the plain language of the statute, therefore, McClure argues that the salaries of the county employees are not recoverable. We agree. Had the legislature intended for county employees' salaries to be recoverable, we must assume it would have drafted the statute to so provide.

Although this is a case of first impression, we look to our supreme court's decision in *Gage v. Village of Wilmette*, 230 Ill. 428, 82 N.E. 656 (1907), for its interpretation of a special assessment statute containing a similarly worded provision. In *Gage*, the Village of Wilmette completed a special assessment for a sewer improvement and sought reimbursement for a portion of the salaries of village employees serving on the local board of improvements. The court stated:

> "It would be impracticable, however, to take from the funds of a particular assessment the money to pay, proportionately, the regular salary of any employee of the local board of improvements. The

law does not fix any fees for services for the proceedings before the board in making an assessment, and if it were attempted to pay, proportionately, the salary of any city employee from any assessment, such a division would necessarily be arbitrary and would be impossible to carry out without actually charging to one assessment a portion of the costs of other local improvements. This cannot be done." *Gage*, 230 Ill. at 435, 82 N.E. at 659.

In the case *sub judice*, it would also be impracticable to attempt to identify the percentage of the county employees' time spent on this particular special assessment.

The County contends that if it is not allowed to recoup these indirect expenses, a public benefit will be conferred solely upon private citizens, which is unconstitutional. See Ill. Const. 1970, art. VIII, § 1 ("Public funds, property or credit shall be used only for public purposes"). However, the County's argument fails because it does not take into account the fact that the water main extension will likely increase property values in the affected subdivisions, which will result in increased tax revenues that benefit the public as a whole.

Additionally, the County asks this court to reverse the trial court's ruling based upon the public policy consideration that counties will be less inclined to approve special assessments in the future (or will contract out for services at a higher cost), if they cannot recoup the expenses for their employees' time and labor. Although this may be true, it is not the role of the judiciary to rewrite legislative enactments. Because the legislature did not authorize the recovery of county employee salaries under section 5—32059 of the Local Improvements Act, we will not reverse the trial court's ruling on this issue.

Finally, the County asserts that the trial court should have allowed recovery for future costs of collecting the special assessment levy during the 10-year installment period. Although it would have been appropriate for the trial court to include future costs of collection in its order, these costs clearly will be *de minimus*, certainly not approaching 6% of the total assessment.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

LYTTON and HOLDRIDGE, JJ., concur.