FOURTH DIVISION
September 29, 2006

No. 1-05-0367

| | | |
|---|---|---|
| PHILIP PULEO, MALEX CORPORATION, | ) | Appeal from the |
| AMY DERKSEN, CHANI DERUS, ROBERT | ) | Circuit Court of |
| FILICZKOWSKI, d/b/a Robert | ) | Cook County, |
| Filiczkowski Design Services, | ) | |
| YSPEX, INC., JACOB LESGOLD, | ) | |
| VAN RATSAVONGSAY, AND BRYAN WEISS | ) | |
| d/b/a Gearhouse Studios, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL TOPEL, Individually and | ) | |
| d/b/a Thinktank, LLC, and | ) | |
| THINKTANK, LLC, an Illinois | ) | |
| Limited Liability Company in | ) | |
| Dissolution, | ) | Honorable |
| | ) | Ronald F. Bartkowicz |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Plaintiffs Philip Puleo, Malex Corporation, Amy Derksen, Chani Derus, Robert Filiczkowski, YSPEX, Inc., Jacob Lesgold, Van Ratsavongsay, and Bryan Weiss appeal the order of the circuit court dismissing their claims against defendant Michael Topel (Topel).[1] On appeal, plaintiffs contend that the circuit court erred by finding that Topel could not be held personally liable

_____

[1]The record shows that plaintiff Jacob Lesgold pursued a separate summary judgment action against Topel.

No. 1-05-0367

for obligations incurred on behalf of defendant Thinktank, LLC (Thinktank), after the company was involuntary dissolved.

The record shows that effective May 30, 2002, Thinktank, a limited liability company (LLC) primarily involved in web design and web marketing, was involuntarily dissolved by the Illinois Secretary of State. The dissolution was due to Thinktank's failure to file its 2001 annual report as required by the Illinois Limited Liability Company Act (the Act) (805 ILCS 180/35-25(1) (West 2004)).

Thereafter, on December 2, 2002, plaintiffs, independent contractors hired by Topel, filed a complaint against Topel and Thinktank in which they alleged breach of contract, unjust enrichment, and claims under the account stated theory. Those claims stemmed from plaintiffs' contention that Topel, who plaintiffs alleged was the sole manager and owner of Thinktank, knew or should have known of Thinktank's involuntary dissolution, but nonetheless continued to conduct business as Thinktank from May 30, 2002, through the end of August 2002. They further contended that on or about August 30, 2002, Topel informed Thinktank employees and independent contractors, including plaintiffs, that the company was ceasing operations and that their services were no longer needed. Thinktank then failed to pay plaintiffs for work they had performed.

On or about April 4, 2003, Thinktank and Topel served their answer to the complaint on plaintiffs. In response, plaintiffs

No. 1-05-0367

filed a motion for summary judgment on April 25, 2003.  In that motion, plaintiffs argued that the only allegations that Thinktank and Topel denied in their answer pertained to Lesgold.  As such, plaintiffs contended that there was no genuine issue of material fact and, thus, they were entitled to judgment as a matter of law.  Subsequently, on June 6, 2003, plaintiffs filed a request to admit.

Although neither Thinktank nor Topel filed a response to plaintiffs' motion for summary judgment, they filed a response to plaintiffs' request to admit.  Therein, defendants denied that Topel, as sole manager and owner of Thinktank, was in a position to know that Thinktank had been involuntarily dissolved by the Illinois Secretary of State or that the company was operating while dissolved during the period beginning on May 30, 2002.

On September 2, 2003, the circuit granted plaintiffs' motion for judgment on the pleadings against Thinktank.  Thereafter, on October 16, 2003, plaintiffs filed a separate motion for summary judgment against Topel.[2]  Relying on Gonnella Banking Co. v. Clara's Pasta Di Casa, Ltd., 337 Ill. App. 3d 385 (2003), plaintiffs contended that Topel, as a principal of Thinktank, an LLC, had a legal status similar to a shareholder or director of a corporation, who courts have found liable for a dissolved

_____

[2]Plaintiff Jacob Lesgold filed a separate motion for summary judgment against Thinktank on October 16, 2003.

No. 1-05-0367

corporation's debts. Thus, plaintiffs argued that Topel was personally liable for Thinktank's debts. Topel did not file a response, and plaintiffs subsequently argued that Topel's failure to respond should be treated as a failure to contest their motion and that judgment should be entered for them.

On March 25, 2004, the circuit court denied plaintiffs' motion for summary judgment against Topel. Subsequently, plaintiffs filed a motion to reconsider on July 1, 2004, which the circuit court denied on August 23, 2004.

Plaintiffs then filed a motion for clarification on September 13, 2004, in order to obtain the circuit court's basis for denying their motion to reconsider. On October 12, 2004, the circuit court granted plaintiffs' motion for clarification. In doing so, the circuit court acknowledged that Topel continued to do business as Thinktank after its dissolution and that the contractual obligations at issue were incurred after the dissolution. However, the court then stated:

> "This court bases its decision on its reading
> of the Illinois Limited Liability Company
> Act. Specifically, this court reads 805 ILCS
> 180/10-10 in concert with 805 ILCS 180/35-7
> as well as the legislative notes to 805 ILCS
> 180/10-10 to determine that the Illinois
> Legislature did not intend to hold a member
> of a Limited Liability Company liable for

No. 1-05-0367

> debts incurred after the Limited Liability
> Company had been involuntarily dissolved."

Finally, on January 6, 2005, the circuit court entered a final order dismissing all of plaintiffs' claims against Topel with prejudice.  The court stated in pertinent part:

> "Based upon the Court's prior finding that
> the Illinois Legislature did not intend to
> hold a member of a Limited Liability Company
> liable for debts incurred after the Limited
> Liability Company had been involuntarily
> dissolved, the Court finds that all of
> Plaintiffs' claims against Defendant Topel
> within the Complaint fail as a matter of law,
> as they are premised upon Defendant Topel's
> alleged personal liability for obligations
> incurred in the name of Thinktank LLC after
> it had been involuntarily dissolved by the
> Illinois Secretary of State."

Plaintiffs now appeal that order.

We initially note that Topel has not filed a brief. Nonetheless, we may proceed under the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

Our review of a dismissal of a complaint on its pleadings is *de novo*.  Keck & Associates, P.C. v. Vasey, 359 Ill. App. 3d 566,

No. 1-05-0367

568 (2005). In doing so, we accept all well-pleaded allegations in the complaint as true. Board of Managers of the Village Centre Condominium Ass'n, Inc. v. Wilmette Partners, 198 Ill. 2d 132, 134 (2001).

In this court, plaintiffs contend that the circuit court erred in dismissing their claims against Topel. In making that argument, plaintiffs acknowledge that the issue as to whether a member or manager of an LLC may be held personally liable for obligations incurred by an involuntarily dissolved LLC appears to be one of first impression under the Act. That said, plaintiffs assert that it has long been the law in Illinois that an officer or director of a dissolved corporation has no authority to exercise corporate powers and, thus is personally liable for any debts he incurs on behalf of the corporation after its dissolution. Gonnella Baking Co., 337 Ill. App. 3d at 386; Cardem, Inc. v. Marketron International, Ltd., 322 Ill. App. 3d 131 (2001); Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc., 222 Ill. App. 3d 413 (1991). Plaintiffs reason that Topel, as managing member of Thinktank, similarly should be held liable for debts the company incurred after its dissolution.

We first look to the provisions of the Act as they provided the trial court its basis for its ruling. Katris v. Carroll, 362 Ill. App. 3d 1140, 1144 (2005) (in reviewing a circuit court's summary judgment, this court looked to the applicable provisions of the Act to determine the fiduciary duties owed by managers and

˘6˘

No. 1-05-0367

members of an LLC).  When reviewing a statute, the cardinal rule is to ascertain and give effect to the intent of the legislature.  Carroll, 362 Ill. App. 3d at 1145.  The plain meaning of the language in the statute provides the best indication of legislative intent.  Carroll, 362 Ill. App. 3d at 1145.  Where the statutory language is clear, the court must give it effect without resorting to other aids for construction.  Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158 Ill. 2d 76, 81 (1994).  Further, when a statute is amended, it is presumed that the legislature meant to change the law as it formerly existed.  Department of Transportation v. Drury Displays, Inc., 327 Ill App. 3d 881, 888 (2002), citing Scribner v. Sachs, 18 Ill. 2d 400, 411 (1960).

As stated, the circuit court relied on sections 10-10 and 35-7 of the Act in making its ruling.  Section 10-10 provides:

> "(a) Except as otherwise provided in subsection (d) of this Section, the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company.  A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

(b) (Blank)

(c) The failure of a limited liability company to observe the usual company formalities or requirements relating to the exercise of its company powers or management of its business is not a ground for imposing personal liability on the members or managers for liabilities of the company.

(d) All or specified members of a limited liability company are liable in their capacity as members for all or specified debts, obligations, or liabilities of the company if:

(1) a provision to that effect is contained in the articles of organization; and

(2) a member so liable has consented in writing to the adoption of the provision or to be bound by the provision." 805 ILCS 180/10-10 (West 2004).

Section 35-7 provides:

"(a) A limited liability company is bound by a member or manager's act after dissolution that:

> (1) is appropriate for winding up
> the company's business; or
>
> (2) would have bound the company
> under Section 13-5 before dissolution, if
> the other party to the transaction did not
> have notice of the dissolution.
>
> (b) A member or manager who, with
> knowledge of the dissolution, subjects a
> limited liability company to liability by an
> act that is not appropriate for winding up
> the company's business is liable to the
> company for any damage caused to the company
> arising from the liability." 805 ILCS
> 180/35-7 (West 2004).

Section 10-10 clearly indicates that a member or manager of an LLC is not personally liable for debts the company incurs unless each of the provisions in subsection (d) is met. In this case, plaintiffs cannot establish either of the provisions in subsection (d). They have not provided this court with Thinktank's articles of organization, much less a provision establishing Topel's personal liability, nor have they provided this court with Topel's written adoption of such a provision. As such, under the express language of the Act, plaintiffs cannot establish Topel's personal liability for debts that Thinktank incurred after its dissolution.

As plaintiffs contend, similar to the Business Corporation Act (BCA) (see 805 ILCS 5/12.30 (West 2004)), the Act explicitly provides that an LLC continues after dissolution only for the purpose of winding up its business (805 ILCS 180/35-3 (West 2004)). However, as plaintiffs concede in their brief, the Act does not contain a provision similar to section 3.20 of the Business Corporation Act, which provides:

> "All persons who assume to exercise corporate powers without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." 805 ILCS 5/3.20 (West 2004).

Moreover, we observe that section 35-7 of the Act explicitly provides that a member or manager of an LLC who, with knowledge of the dissolution, exceeds the scope of his authority during the wrapping up of a company's business is liable *to the company* for any damages arising from the liability. 805 ILCS 180/35-7(b) (West 2004). The Act, however, contains no language concerning a member or manager's liability to a third party. That silence speaks volumes when viewed in conjunction with the legislature's amendment of the former version of section 10-10.

Prior to its amendment, section 10-10 provided:

> "(a) A member of a limited liability company shall be personally liable for any

act, debt, obligation, or liability of the limited liability company or another member or manager to the extent that a shareholder of an Illinois business corporation is liable in analogous circumstances under Illinois law.

(b) A manager of a limited liability company shall be personally liable for any act, debt, obligation, or liability of the limited liability company or another manager or member to the extent that a director of an Illinois business corporation is liable in analogous circumstances under Illinois law."

805 ILCS 180/10-10 (West 1996).

In 1998, however, the legislature amended section 10-10 and in doing so removed the above language which explicitly provided that a member or manager of an LLC could be held personally liable for his or her own actions or for the actions of the LLC to the same extent as a shareholder or director of a corporation could be held personally liable. As we have not found any legislative commentary regarding that amendment, we presume that by removing the noted statutory language, the legislature meant to shield a member or manager of an LLC from personal liability. Drury Displays, Inc., 327 Ill App. 3d at 888 ("When a statute is amended, it is presumed that the legislature intended to change

˘11˘

No. 1-05-0367

the law as it formerly existed").

Nonetheless, plaintiffs ask this court to disregard the 1998 amendment and to imply a provision into the Act similar to section 3.20 of the Business Corporation Act. We cannot do so.

This court recently rejected a similar request in In re Application of County Collector, 356 Ill. App. 3d 668, 673-674 (2005). There, petitioner Dream Sites, LLC, purchased property at an annual tax sale as a result of respondent Grace Apostolic Church's delinquent general real estate taxes. Petitioner then filed a petition for issuance of a tax deed and lodged a "Notice of expiration of period of redemption" pursuant to section 22-10 of the Property Tax Code (Code) (35 ILCS 200/22-10 (West 2002)) which provided in pertinent part "[i]n counties with 3,000,000 or more inhabitants, the notice shall also state the address, room number, and time at which the hearing is set." The petition, however, omitted a street address and merely stated that the hearing for issuance of the tax deed would be held in "Room 1704, Richard J. Daley Center in Chicago, Illinois." Respondent filed an objection arguing that the notice was insufficient due to the lack of a street address. The circuit court denied the motion and entered an order granting petitioner's petition.

On appeal, respondent argued that the circuit court's ruling was against the manifest weight of the evidence because it ignored the plain language of section 22-10 of the Code. Conversely, petitioner argued that despite the language of

section 22-10, this court should find that "Daley Center, Chicago, Illinois" was an adequate address for purposes of the petition. This court, however, concluded that by amending section 22-10 to require that a notice provide an address and not merely a building name, the legislature intended a notice to include a street address to denote the physical location of a building. As such, this court reversed the circuit court's ruling and remanded the cause for further proceedings.

In the case at bar, we similarly decline plaintiffs' request to ignore the statutory language. When the legislature amended section 10-10 (805 ILCS 180/10-10 (West 2004)), it clearly removed the provision that allowed a member or manager of an LLC to be held personally liable in the same manner as provided in section 3.20 of the Business Corporation Act. Thus, the Act does not provide for a member or manager's personal liability to a third party for an LLC's debts and liabilities, and no rule of construction authorizes this court to declare that the legislature did not mean what the plain language of the statute imports. Solich, 158 Ill. 2d at 83.

We, therefore, find that the circuit court did not err in concluding that the Act did not permit it to find Topel personally liable to plaintiffs for Thinktank's debts and liabilities. We agree with plaintiff that the circuit court's ruling does not provide an equitable result. However, the circuit court, like this court, was bound by the statutory

˘13˘

No. 1-05-0367

language.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

CAMPBELL and MURPHY, JJ., concur.