SECOND DIVISION

No. 1-07-2946

| | |
|---|---|
| DORIE WESTMEYER, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County. |
| | ) |
| v. | ) No. 04 CH 009299 |
| | ) |
| BRIAN FLYNN, PATRICK M. DALEIDEN, | ) |
| JOHN L. DEARLOVE, TERRAGLYPH | ) |
| INTERACTIVE, L.P., VICTOR CASINI, as | ) |
| Trustee of The 62524 Trust, and | ) |
| KEITH SKIBICKI, | ) |
| | ) Honorable |
| Defendants-Appellees | ) Bernetta Bush, |
| | ) Judge Presiding. |
| (David Daleiden, | ) |
| | ) |
| Respondent in Discovery).) | |

JUSTICE HALL delivered the opinion of the court:

The plaintiff, Dorie Westmeyer, appeals from an order of the circuit court of Cook County dismissing her complaint seeking to hold defendants Brian Flynn, Patrick M. Daleiden, John L. Dearlove, Terraglyph Interactive, L.P. (Terraglyph), Victor Casini, as trustee of the 62524 Trust, and Keith Skibicki personally liable for a judgment she received against the corporate defendants. On appeal, the plaintiff contends that the circuit court erred in dismissing her complaint on res judicata grounds. We reverse and remand for further proceeding.

The following facts are taken from the pleadings. The plaintiff was employed by iMatchNetwork, LLC (iMatchNetwork), a Delaware limited liability company, as its chief marketing

No. 1-07-2946

officer.  In addition to their ownership interests, Messrs.
Flynn, Dearlove and Daleiden comprised the board of directors of
iMatchNetwork.  Defendant TerraGlyph also held an ownership
interest in iMatchNetwork.

On April 4, 2003, the plaintiff filed an amended five-count
complaint against TerraGlyph, iMatchNetwork and Messrs. Daleiden
and Dearlove.[1]  On January 8, 2004, the plaintiff obtained a
default judgment against TerraGlyph and iMatchNetwork.  According
to the order, judgment for the plaintiff and against those two
defendants was entered on count I, a claim under the Wage and
Collection Act (the Wage Act) (820 ILCS 115/1 et seq. (West
2002)), of the amended complaint and count II (breach of
contract) and in the amount of $108,064.58.

On June 10, 2004, the plaintiff filed a verified complaint
against the defendants in this case.  In count I, the plaintiff

---

[1] The plaintiff's original complaint
was filed on March 13, 2001.  The
circuit court granted Mr. Daleiden's
and Mr. Dearlove's motions for summary
judgment.

sought to pierce the corporate veil, alleging that iMatchNetwork was undercapitalized and that the members failed to observe the formalities of a legitimate company, operated it as the alter ego of its members and operated it so as to perpetrate a fraud on its creditors, including the plaintiff. Count II alleged that the defendants violated the Uniform Fraudulent Transfer Act (740 ILCS 160/1 et seq. (West 2002)) in that they transferred the assets of iMatchNetwork to themselves, causing iMatchNetwork to become insolvent and preventing the plaintiff from recovering monies owed to her. The plaintiff requested that the court void the sale or transfer of assets in an amount necessary to satisfy the plaintiff's judgment, injunctive relief against the further disposition of the assets transferred and the imposition of a constructive trust upon any of the assets the defendants received from iMatchNetwork.

The defendants filed separate motions to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)). They argued that the plaintiff's complaint was barred by res judicata and barred by a prior judgment and that another action was pending between the parties. See 735 ILCS 5/2-619(a)(3), (a)(4), (a)(9) (West 2004). Except for Mr. Dearlove's motion, the defendants' motions to dismiss were

No. 1-07-2946

granted.[2]

On September 16, 2005, the circuit court denied Mr. Dearlove's motion to dismiss.  On December 14, 2005, the court granted the plaintiff's oral motion to dismiss voluntarily Mr. Dearlove.  The plaintiff filed her notice of appeal.[3]


ANALYSIS

The parties address two grounds raised in the circuit court for the dismissal of the complaint: res judicata and other affirmative matter, i.e., the inapplicability of the doctrine of piercing the corporate veil to a limited liability company.

I.  Standard of Review

_____

[2]No order disposing of count III of the complaint naming David Daleiden a respondent in discovery could be located. However, respondents in discovery are not parties to the action in which they are so named.  Shanklin v. Hutzler, 277 Ill. App. 3d 94, 100, 660 N.E.2d 103 (1995).

[3]Initially, we dismissed this appeal for lack of jurisdiction because there was no order dismissing Terraglyph. Westmeyer v. Flynn, No. 1-06-0082 (2007) (unpublished order under Supreme Court Rule 23).  After the plaintiff remedied the jurisdictional defect, we granted her motion to consider the case on the original briefs, record and the oral arguments.

4

No. 1-07-2946

"Appellate review of a dismissal under section 2-619 is <u>de</u> <u>novo</u>." <u>Nosbaum v. Martini</u>, 312 Ill. App. 3d 108, 114, 726 N.E.2d 84 (2000). "An appeal from such a dismissal is similar to one following the grant of summary judgment." <u>Nosbaum</u>, 312 Ill. App. 3d at 114. "'The appellate court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.'" <u>Nosbaum</u>, 312 Ill. App. 3d at 114, quoting <u>Kedzie & 103rd Currency Exchange, Inc. v.</u> <u>Hodge</u>, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993).

"In a section 2-619 motion, all well-pleaded allegations in support of the claim are taken as true and all reasonable inferences are drawn in the plaintiff's favor." <u>Nosbaum</u>, 312 Ill. App. 3d at 113. "Under section 2-619 a motion to dismiss should be granted if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted." <u>Owens v. McDermott, Will &</u> <u>Emery</u>, 316 Ill. App. 3d 340, 344, 736 N.E.2d 145 (2000).

## II. <u>Res Judicata</u>

The plaintiff contends that the circuit court erred when it dismissed her complaint pursuant to section 2-619(a)(4). That section provides in pertinent part as follows:

5

No. 1-07-2946

"(4) That the cause of action if barred by a prior judgment."  735 ILCS 5/2-619(a)(4) (West 2004).

"Res judicata precludes subsequent litigation between the same parties on a claim after a court renders final judgment on a matter."  Cload v. West, 328 Ill. App. 3d 946, 949, 767 N.E.2d 486 (2002).  "In order to invoke this defense, the following elements must be shown: (1) that a court of competent jurisdiction rendered a final judgment on the merits; (2) that there is an identity of the parties or their privies; and (3) that there is an identity of cause of action."  Cload, 328 Ill. App. 3d at 949-50.  "Res judicata bars not only those issues that were actually litigated in a prior suit; it bars those that could have been raised as well."  Cload, 328 Ill. App. 3d at 950.  However, "the doctrine of res judicata need not be applied where fundamental fairness so requires."  Weisman v. Schiller, Ducanto & Fleck, 314 Ill. App. 3d 577, 581, 733 N.E.2d 818 (2000).

In order to determine if the causes of action are the same, the court applies the transactional test.  See River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 313, 703 N.E.2d 883 (1998).  "Under this test, claims are part of the same cause of action if they arise from the same transaction or series of connected transactions."  Cload, 328 Ill. App. 3d at 950. "Subsequent claims may be barred if they originate from a single

6

group of operative facts." Cload, 328 Ill. App. 3d at 950. "This proposition applies regardless of whether the claims assert different theories of relief or are based on evidence that does not substantially overlap, as long as they arise from the same transaction. Cload, 328 Ill. App. 3d at 950.

The defendants maintain that the causes of action in the plaintiff's original complaint and her present complaint are identical because each complaint sought to hold iMatchNetwork, via its members, liable for the claims related to the plaintiff's employment. However, the plaintiff's original complaint alleged that iMatchNetwork had breached its contract to her and violated the Wage Act by failing to pay her salary and benefits. The complaint also alleged that the plaintiff left her previous employment to take the job with iMatchNetwork based on the misrepresentations made to her by the individual defendants, Messrs. Dearlove and Daleiden. In contrast, in the present complaint, the plaintiff is attempting to collect the judgment she obtained against iMatchNetwork.

In Miner v. Fashion Enterprises, Inc., 342 Ill. App. 3d 405, 794 N.E.2d 902 (2003), the plaintiff was awarded a default judgment against Karen Lynn, Ltd. During supplementary proceedings, the plaintiff discovered the corporation had insufficient assets. The plaintiff then instituted a suit

7

No. 1-07-2946

against defendant Fashion Enterprises, Inc., and individual defendants alleging that they were liable for the judgment on the basis that Karen Lynn, Ltd., had been formed to defraud creditors, had no assets and the corporate formalities were not observed. The circuit court granted the defendants' motion to dismiss on res judicata grounds. This court rejected the argument that the plaintiff was limited to supplementary proceedings to collect on the judgment. Relying on Peetoom v. Swanson, 334 Ill. App. 3d 523, 778 N.E.2d 291 (2002), and Pyshos v. Heart-Land Development Co., 258 Ill. App. 3d 618, 630 N.E.2d 1054 (1994), this court held that "a judgment creditor may choose to file a new action to pierce the corporate veil of a judgment debtor in order to hold individual shareholders and directors liable for a judgment against the corporation." Miner, 342 Ill. App. 3d at 415.

As in Miner, the plaintiff seeks to pierce the corporate veil of iMatchNetwork and collect her judgment from the defendant owners and directors. The defendants make no effort to distinguish Miner. We agree with the plaintiff that her complaint to collect the default judgment from the defendants is not barred by res judicata.

III. Piercing the Corporate Veil

The plaintiff invoked the doctrine of piercing the corporate

8

veil in order to hold the defendants liable for the judgment she received against iMatchNetwork.  The defendants maintain that the doctrine of piercing the corporate veil does not apply to iMatchNetwork because it is a limited liability company (or LLC).

    A.  <u>Application of Corporate Veil Piercing to LLCs</u>

iMatchNetwork is a Delaware limited liability company. "Efforts to pierce the corporate veil are governed by the law of the state of incorporation."  <u>Retzler v. Pratt & Whitney Co.</u>, 309 Ill. App. 3d 906, 917, 723 N.E.2d 345 (1999).  Therefore, Delaware law applies to this issue.

Delaware's Limited Liability Company Act provides in pertinent part as follows:

> "(a) Except as otherwise provided by this chapter, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.

> (b) Notwithstanding the provisions of subsection (a) of this section, under a limited liability company agreement

or under another agreement, a member or manager may agree to be obligated personally for any or all of the debts, obligations and liabilities of the limited liability company."  Del. Code Ann. tit. 6, §18-303 (2006).

The defendants maintain that, under Delaware law, they cannot be liable for the judgment against iMatchNetwork based on their interests in iMatchNetwork and because the plaintiff failed to allege any facts to establish that they agreed to be obligated personally for the liabilities of iMatchNetwork.

The defendants point out the cases relied on by the plaintiff consist of unreported decisions, decisions applying the law of states other than Delaware and decisions not dealing with piercing the corporate veil.  Nonetheless, there is authority for the application of the doctrine of piercing the corporate veil to a Delaware limited liability company.

A limited liability company "is a relatively new entity that has emerged in recent years as an attractive vehicle to facilitate business relationships and transactions."  Elf Atochem North America, Inc. v. Jaffari, 727 A.2d 286, 287 (Del. 1999).  "The wording and architecture of the [Delaware] Act is somewhat complicated, but it is designed to achieve what is seemingly a simple concept - to permit persons or entities ('members') to join together in an environment of private ordering to form and

10

operate the enterprise under an LLC agreement with tax benefits akin to a partnership and limited liability akin to the corporate form." Jaffari, 727 A.2d at 287. Therefore, for liability purposes, a limited liability company should be subject to the same treatment as a corporation. See Wellman v. Dow Chemical Co., No. 05-280-SLR, at 2 (D. Del. March 20, 2007) ("Under Delaware law, a limited liability company formed under the Delaware Limited Liability Company Act is treated for liability purposes like a corporation").

The doctrine of piercing the corporate veil applies to Delaware corporations. "Delaware law allows a court to pierce the corporate veil of an entity when there is fraud or when a subsidiary is the alter ego of its owner." In re Kilroy, 357 B.R. 411, 425 (Bankr. S.D. Texas 2006); see SR International Business Insurance Co. v. World Trade Center Properties, LLC, 375 F. Supp. 2d 238, 243 (S.D.N.Y. 2005), quoting Geyer v. Ingersoll Publications Co., 621 A.2d 784, 793 (Del. Ch. 1992); see also Miller v. Raytheon Aircraft Co., 229 S.W.3d 358 (Tex. App. 2007) (under Delaware law, members of an LLC are generally not liable for the obligations of the LLC, absent a showing that the court should pierce the corporate veil).

The defendants argue that the fact that corporations and limited liability companies have some similar legal

11

characteristics does not mean that they should be treated the same for purposes of piercing the corporate veil. They point out that in Advanced Telephone Systems, Inc. v. Com-Net Professional Mobile Radio, LLC, 846 A.2d 1264 (Pa. Super 2004), cited by the plaintiff, the court rejected the application of corporate veil piercing to a limited liability company. However, the defendants misread that case. First, although the defendant was a Delaware limited liability company, the court determined that Pennsylvania law applied to determine if the plaintiff had the right to have a jury determine its right to a jury trial on the corporate veil piercing claim. Having determined that the there was no right to a jury trial on that issue, the court then applied Pennsylvania law to uphold the trial court's determination that the plaintiff was not entitled to pierce the corporate veil. The court noted that there were no Pennsylvania decisions permitting the piercing of the corporate veil of a limited liability company. The court found that cases from other jurisdictions piercing the corporate veils of limited liability companies were distinguishable on their facts. Advanced Telephone Systems, Inc., 846 A.2d at 1281.

Advanced Telephone Systems, Inc. does not control the result in this case because it applied Pennsylvania law. Moreover, as the court in that case noted, Pennsylvania's Limited Liability Company Act of 1994 contemplated that, in the appropriate case,

12

the doctrine of piercing the corporate veil would be applied to a limited liability company. Advanced Telephone Systems, Inc., 846 A.2d at 1281 n.11. In Filo America, Inc. v. Olhoss Trading Co., L.L.C., 321 F. Supp. 2d 1266 (M.D. Ala. 2004), the court listed Advance Telephone Systems Inc. in its collection of cases in which courts had determined that the corporate veil piercing doctrine applied to LLCs. See Filo America, Inc., 321 F. Supp. 2d at 1269.

The defendants rely on Puleo v. Topel, 368 Ill. App. 3d 63, 856 N.E.2d 1152 (2006). In that case, this court addressed whether a member or manager of an LLC may be held personally liable for obligations incurred by an involuntarily dissolved LLC. Section 10-10(a) of the Limited Liability Company Act (Act) provides that a member of an LLC is not personally liable for the obligations of the LLC unless the LLC agreement specifically provides for such liability, and the member agrees in writing to be bound by the provision. 805 ILCS 180/10-10(a) (West 2004). This court determined that, as the plaintiff failed to establish the existence of an agreement assented to by the defendant to assume the LLC's liabilities, the defendant had no personal liability for the LLC's obligations. Puleo, 368 Ill. App. 3d at 68.

This court further noted that, unlike the Illinois Business

13

No. 1-07-2946

Corporation Act (805 ILCS 5/12.30 (West 2004)), the Act did not contain a provision whereby the unauthorized exercise of corporate powers rendered the person liable for debts and liabilities incurred as a result.  In addition, while the Act imposed personal liability on a member for an obligation incurred beyond the scope of his authority, the liability was owed to the company, not to third parties.  Puleo, 368 Ill. App. 3d at 68; 805 ILCS 180/35-7(b) (West 2004).

Finally, this court observed that, prior to amendment, section 10-10 had imposed personal liability for the obligations of an LLC on its members to the extent that a shareholder of an Illinois corporation was personally liable in analogous circumstances under Illinois law.  Puleo, 368 Ill. App. 3d at 69; 805 ILCS 180/10-10 (West 1996).  The court then stated as follows:

"In 1998, however, the legislature amended section 10-10 and in doing so removed the above language which explicitly provided that a member or manager of an LLC could be held personally liable for his or her own actions or for the actions of the LLC to the same extent as a shareholder or director of a corporation could be held personally liable.  As we have not found any legislative commentary regarding that amendment, we presume that by removing the

14

No. 1-07-2946

noted statutory language, the legislature meant to shield a member or manager of an LLC from personal liability."
Puleo, 368 Ill. App. 3d at 69.

There is no dispute that under both the Delaware Act and the Act, the members of an LLC have no personal liability absent an agreement. However, Puleo did not address the doctrine of piercing the corporate veil. Moreover, while the Act provides specifically that the failure to observe the corporate formalities is not a ground for imposing personal liability on the members of an LLC, it does not bar the other bases for corporate veil piercing, such as alter ego, fraud or undercapitalization. See 805 ILCS 180/10-10(d) (West 2004).

We conclude that under Delaware law, the doctrine of piercing the corporate veil applies to a limited liability company. Just as with a corporation, the members of an LLC are not generally liable for the obligations of the LLC. However, under Delaware law, just as with a corporation, the corporate veil of an LLC may be pierced, where appropriate. Therefore, the granting of the defendants' motions to dismiss on the ground that the doctrine of piercing the corporate veil did not apply to the defendants' LLC was error.

The circuit court's order dismissing the plaintiff's complaint is reversed and the cause remanded for further

15

No. 1-07-2946

proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

HOFFMAN, P.J., and SOUTH, J., concur.